Herbert Ray TROGLIN *v.* STATE of Arkansas

CR 74-161                                   519 S.W. 2d 740

Opinion delivered February 24, 1975

*Don Langston*, Public Defender, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Gary Isbell*, Asst., for appellee.

LYLE BROWN, Justice. Appellant filed a petition pro se for a writ of error coram nobis seeking to set aside a felony plea of guilty entered in October 1952. The trial court examined its 1952 records and decided, without granting a formal hearing, that the petition had no merit. The single error advanced on appeal is that the trial court should have granted a hearing on the petition.

In his petition and supporting documents appellant contended (1) that the docket sheet was in error in reciting that he waived counsel; (2) that if the docket sheet is correct, he never voluntarily and knowingly entered such a plea; and (2) that the plea was coerced.

In the order denying the petition the trial court pointed out that the docket sheet showed that appellant had declined the offer of counsel. The court also noted the long delay of some twenty-two years between the plea and the filing of the petition and concluded that the petition was untimely; the court also concluded that the petition and supporting documents "were ineffective to accomplish the purposes intended." We perceive the recited defect in the documents to refer to the fact that they stated bare conclusions.

We hold that the court's refusal to grant the writ was correct because of the untimely delay and the insufficiency of the allegations. We wholeheartedly approve of the guidelines set out in *People* v. *Maston*, 48 Cal. Rptr. 439 (1965), *cert. denied* 86 S. Ct. 917 (1966). They may be fairly paraphrased as follows:

> (1) The function of the writ of coram nobis is to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition

if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment;

(2) Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. The court is not required to accept at face value the allegations of the petition;

(3) Due diligence is required in making application for relief, and, in the absence of a valid excuse for delay, the petition will be denied; and,

(4) The mere naked allegation that a constitutional right has been invaded will not suffice. The application should make a full disclosure of specific facts relied upon and not merely state conslusions as to the nature of such facts.

The documents and actions of appellant substantially violate all four of the enumerated guidelines. As has been pointed out, he waited some twenty-two years to file his petition; also the filing was over eleven years after *Gideon* v. *Wainwright*, 372 U.S. 335 (1963). Additionally, since statehood, we have required appointment of counsel for indigent defendants in felony cases. Ark. Stat. Ann. § 43-1203 (Repl. 1964). Furthermore, there is no disclosure of specific facts upon which he relies — nothing but naked conclusions.

Affirmed.