Albert LEWIS and Larry HIGGINBOTHAM
*v.* STATE of Arkansas

CR 78-41                                   577 S.W. 2d 415

Opinion delivered February 26, 1979
(In Banc)

*John R. Henry,* for petitioners.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Deputy Atty. Gen., for respondent.

GEORGE ROSE SMITH, Justice. This is a petition in this court for a writ of error coram nobis to permit the trial court to investigate the existence of a fact that would assertedly have prevented the rendition of the judgment if the fact had been known. *Cf. Troglin* v. *State,* 257 Ark. 644, 519 S.W. 2d 740 (1975). We treat the petition as an application for permission to seek postconviction relief in the trial court under Criminal Procedure Rule 37.2 (a) and grant permission.

The appellants were charged with first degree murder. Their first trial resulted in a mistrial because the jury was unable to reach a verdict, but a second trial ended in a conviction and a 30-year sentence. That judgment was affirmed in *Lewis and Higginbotham* v. *State,* an unpublished opinion delivered on September 5, 1978. At that trial the State proved that the murder weapon was a pistol that had been recovered by the police from a grease pit at a service station that was formerly owned by the petitioner Lewis and was formerly the place of employment of petitioner Higginbotham.

The present petition alleges that within a few days after the trial ended in a mistrial "the retained attorney, who represented both petitioners in both trials and/or an employee hired by said attorney and working for said attorney as an investigator" communicated confidential and privileged information to various members of the local bar and to others. The information reached the prosecuting attorney's office and resulted in the discovery by the police of the murder weapon. The petition asserts that the attorney's or investigator's unauthorized release of confidential information violated the petitioners' constitutional right to counsel and other rights that we need not enumerate.

Until the facts have been completely developed in the

134

trial court, it would be idle for us to speculate about what rights of the petitioners may have been violated or about what relief might eventually prove to be appropriate if a violation is shown. It is enough to say that the right to counsel includes the contemporaneous necessity for making a full disclosure of all pertinent information to counsel and that such disclosures, as they relate to a past offense as distinguished from a crime that is planned for the future, are privileged. Rule 502, Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Supp. 1977); see also Chamberlain, "Legal Ethics: Confidentiality and the Case of Robert Garrow's Lawyers," 25 Buffalo L. Rev. 211 (1975-76).

The petition is treated as one for postconviction relief under Rule 37.2 (a), and the petitioners are granted permission to seek relief in the trial court on the ground that the facts asserted in the petition allege a ground for relief based upon ineffective assistance of counsel.

BYRD, J., dissents.