Eugene Isaac PITTS *v.* STATE of Arkansas

CR 80-40                                        986 S.W.2d 407

Supreme Court of Arkansas
Opinion delivered March 11, 1999

*Appellant,* pro se.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Ass't Att'y Gen., for appellee.

P ER CURIAM. Eugene Issac Pitts was found guilty by a jury of felony murder in 1979 and sentenced to life imprisonment without parole. In the decision affirming the judgment, we noted that petitioner kidnapped Bernard Jones from his home and killed him and that the Jones's wife positively identified Pitts, whom she knew well, as her husband's assailant. We further noted that an expert forensic witness had testified that hairs found on the victim's body were like Pitts's hair. *Pitts v. State,* 273 Ark. 220, 617 S.W.2d 849 (1981). Pitts subsequently filed in this court a petition pursuant to Arkansas Rule of Criminal Procedure 37 seeking postconviction relief. The petition was denied on its merits. *Pitts v. State,* CR 80-40 (February 1, 1982).

Pitts now petitions this court to reinvest the trial court with jurisdiction to consider a petition for writ of error *coram nobis* in the case. The petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error *coram nobis* after a judgment has been affirmed on appeal only after we grant permission. *Larimore v. State,* 327 Ark. 271, 938 S.W.2d 818 (1997).

A writ of error *coram nobis* is an exceedingly narrow remedy, appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown and would have prevented the rendition of the judgment had it been known to the trial court. *Penn v. State,* 282 Ark. 571, 670 S.W.2d 426 (1984), citing *Troglin v. State,* 257 Ark. 644, 519 S.W.2d 740 (1975). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. A presumption of regularity attaches to the criminal conviction being challenged, *Larimore, supra,* citing *United States v. Morgan,* 346 U.S. 502, 512 (1954), and the petition must be brought in a timely manner. *Penn, supra.*

Newly discovered evidence in itself is not a basis for relief under *coram nobis.* *Larimore, supra; Smith v. State,* 301 Ark. 374, 784 S.W.2d 595 (1990).

Petitioner claims that jurisdiction should be reinvested in the trial court to consider an error *coram nobis* petition on the ground that newly developed methods of scientific testing, namely DNA analysis, are now available to test the hair sample which was entered into evidence by the prosecution at his trial in 1979. He contends that the new tests would refute the testimony of an expert witness at petitioner's trial that hair found on the victim was like that of petitioner.

■ ■ The ground raised by petitioner is insufficient to warrant granting leave to proceed in the trial court with a petition for writ of error *coram nobis.* We said in *Larimore, supra,* that the writ was available to address certain errors of the most fundamental nature that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or, as added by *Penn, supra,* a third-party confession to the crime during the time between conviction and appeal. *See Taylor v. State,* 303 Ark. 586, 799 S.W.2d 519 (1990). *See also Smith v. State,* 301 Ark. 374, 784 S.W.2d 595 (1990).

■ We further said in *Larimore,* citing *Troglin, supra,* that the following guidelines are applicable when considering a petition for writ of error *coram nobis*:

> (1) The function of the writ of coram nobis is to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment;

> (2) Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. The court is not required to accept at face value the allegations of the petition;

> (3) Due diligence is required in making application for relief, and, in the absence of a valid excuse for delay, the petition will be denied; and

(4) The mere naked allegation that a constitutional right has been invaded will not suffice. The application should make a full disclosure of specific facts relief upon and not merely state conclusions as to the nature of such facts.

57 Ark. at 645–46, 519 S.W.2d at 741.

■ Where there was no fundamental error at the time of trial, newly discovered evidence is not a cause to issue a writ of error *coram nobis*. *Smith v. State, supra*. The mere fact that over time a scientific test may have been developed which did not exist at the time of a petitioner's trial is not in itself cause to issue the writ because the development in scientific testing cannot establish a fundamental error made at trial. A petitioner who contends that newly developed scientific testing can exonerate him should submit the allegation to the executive branch in a clemency proceeding.[1]

■ Petitioner next contends that he was improperly convicted of felony murder as that charge was interpreted by two decisions of this court rendered after the judgment in his case was affirmed. The State argues that neither case is apposite to petitioner's case, but the core issue is whether there was some fundamental error at petitioner's trial which was extrinsic to the record and could not have been raised at that time. Clearly, petitioner was aware at the time of trial of the charge against him and could have challenged the felony information at that time.

Petition denied.

---

[1] Petitioner states that he has filed two unsuccessful petitions for clemency, presumably raising the issue raised herein.