

# SUPREME COURT OF ARKANSAS

No. CR-06-709

| | |
|---|---|
| MICHAEL MYERS AND SCOTT HALL     PETITIONERS<br><br>v.<br><br>STATE OF ARKANSAS     RESPONDENT | **Opinion Delivered**    October 10, 2013<br><br>PRO SE JOINT PETITION TO REINVEST JURISDICTION IN CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [LONOKE COUNTY CIRCUIT COURT, 43CR-03-204 AND 43CR-03-206]<br><br><br>JOINT PETITION DENIED. |

**PER CURIAM**

In 2005, judgments were entered against Michael Myers and Scott Hall reflecting that each had been found guilty of various drug-related offenses. Myers was sentenced to a total of 288 months' imprisonment, and Hall was sentenced to a total of 240 months' imprisonment. On joint appeal, the Arkansas Court of Appeals affirmed. *Myers v. State*, CACR- 06-709 (Ark. App. Mar. 21, 2007) (unpublished).

Now before us is petitioners' pro se joint petition in which they seek to have jurisdiction reinvested in the trial court to consider a petition for writ of error coram nobis.[1] A petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Sparks v. State*, 2012 Ark. 464 (per

---

[1]The petition was assigned the docket number for the direct appeal of the judgments of conviction.

SLIP OPINION

curiam); *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 583, 986 S.W.2d 407, 409 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

In their joint petition, petitioners' first claim for relief is based on their argument that the trial court deprived them of their right to allocution before the entry of their judgments.

SLIP OPINION

The allegation of error is not subject to review in a coram-nobis proceeding because the matter was known or could have been known to the petitioners at the time of trial such that the issue could have been raised at trial. *See Cromeans*, 2013 Ark. 273. Claims that could have been raised at trial are not grounds for the writ. *Rodgers v. State*, 2013 Ark. 294 (per curiam). This applies even to issues of trial error of constitutional dimension that could have been raised in the trial court. *Id.*

Petitioners also make a number of claims of ineffective assistance of counsel. Allegations of ineffective assistance are not a basis for a writ. This court has consistently held that claims of ineffective assistance are outside the purview of a coram-nobis proceeding. *Cromeans*, 2013 Ark. 273; *McDaniels*, 2012 Ark. 465; *Rodriguez v. State*, 2012 Ark. 393 (per curiam); *Rodgers v. State*, 2012 Ark. 193 (per curiam); *see also State v. Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___.

Finally, petitioners claim that they were deprived of the right to a speedy trial based on various statutory and constitutional arguments. Their claim of a speedy-trial violation is not a basis for a writ. The question of whether there was a speedy-trial violation is one that could have been addressed at trial and, if the issue were decided adversely to petitioners, on the record on direct appeal. *Rodgers*, 2013 Ark. 294.

Joint petition denied.