SLIP OPINION



Cite as 2013 Ark. 452

# SUPREME COURT OF ARKANSAS

No. CR–10–365

BRIAN CHARLAND
PETITIONER

v.

STATE OF ARKANSAS
RESPONDENT

**Opinion Delivered** November 7, 2013

PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [CARROLL COUNTY CIRCUIT COURT, EASTERN DISTRICT, 08CR-07-164, HON. GERALD K. CROW, JUDGE]

PETITION DENIED.

**PER CURIAM**

In 2009, a jury found petitioner Brian Charland guilty of three counts of rape of his seven-year-old daughter. The evidence at trial included the testimony of an investigator with the Arkansas State Police Crimes Against Children Division regarding her interview with the victim as well as petitioner's written and videotaped statements incriminating himself. Petitioner was sentenced to serve an aggregate sentence of 900 months' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed. *Charland v. State*, 2011 Ark. App. 4, 380 S.W.3d 465. Subsequently, petitioner filed a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009) in which he alleged that counsel was ineffective due to operating under a methamphetamine-induced psychosis. He contended that the alleged impairment resulted in counsel not calling witnesses who could have shown that his confession to the rape charges was coerced because he was concerned that the police would take his children from their mother if he did not confess to the rape. Affirming

SLIP OPINION

the trial court's denial of the Rule 37.1 petition, we held that petitioner's allegations were conclusory in nature and could not be the basis for postconviction relief. We further held that there was no demonstration of prejudice. *Charland v. State*, 2012 Ark. 246. Petitioner has now filed a petition requesting that this court reinvest jurisdiction in the trial court in order that he may proceed with a petition for writ of error coram nobis. We deny the petition because petitioner fails to show that the claims he would raise in his proposed attack on the judgment are meritorious.

A petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Burks v. State*, 2013 Ark. 188 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 583, 986 S.W.2d 407, 409 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit

2

SLIP OPINION

court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As grounds for the writ, petitioner contends that the prosecution withheld recorded statements of the victim in which she gave different accounts of the same event and that he was prejudiced by the prosecution's withholding of evidence.[1] Petitioner alleges that the prosecutor's conduct constituted a violation of his constitutional rights as recognized in *Brady v. Maryland*, 373 U.S. 83 (1963).

This court has previously recognized that a writ of error coram nobis was available to address errors pertaining to material evidence withheld by the prosecutor. *Cromeans*, 2013 Ark. 273; *Burks*, 2013 Ark. 188. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Cromeans*, 2013 Ark. 273; *Burks*, 2013 Ark. 188.

---

[1]Additionally, in the conclusion of his petition, petitioner summarily alleges that the trial judge was biased, and he refers to the allegation that his confession was coerced due to his fear of his children being taken from their mother if he did not confess to the rape. These unsubstantiated claims are not a basis for error-coram-nobis relief.

The bare allegations advanced by petitioner are not sufficient to support a *Brady* violation. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Burks*, 2013 Ark. 188. It is the petitioner's burden to show that the writ is warranted, and a bare assertion with no factual support does not justify reinvesting jurisdiction in the trial court to consider a petition for writ of error coram nobis. *Id.* Petitioner does not offer any facts to substantiate his claim that the alleged recordings exist or were concealed from the defense, and he fails to provide any factual support for his allegations that the victim gave conflicting statements to law enforcement. Additionally, he does not state how or when the alleged recordings were discovered.

In its response to the petition, the State argues that the petition was untimely because petitioner did not demonstrate due diligence. Although there is no specific time for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *Dickerson v. State*, 2011 Ark. 247 (per curiam). Because petitioner does not present a claim that supports a meritorious attack on the judgment, we need not consider whether the petition was brought in a diligent manner. *Id.*

Petition denied.

*Brian Charland*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for respondent.

4