# SUPREME COURT OF ARKANSAS

**No.** CR-03-1319

EDDIE LEE PATRICK, JR.

PETITIONER

v.

STATE OF ARKANSAS

RESPONDENT

**Opinion Delivered** January 16, 2014

PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [JEFFERSON COUNTY CIRCUIT COURT, 35CR-02-765]

PETITION DENIED.

## PER CURIAM

In 2003, petitioner Eddie Lee Patrick, Jr., was found guilty by a jury of rape and terroristic threatening in the first-degree. An aggregate sentence of 480 months' imprisonment was imposed. The Arkansas Court of Appeals affirmed. *Patrick v. State*, CR-03-1319 (Ark. App. Feb. 7, 2007) (unpublished).

Petitioner has now filed a petition in this court requesting that jurisdiction be reinvested in the trial court so that he may proceed with a petition for writ of error coram nobis. A petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Charland v. State*, 2013 Ark. 452 (per curiam); *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Burks v. State*, 2013 Ark. 188 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of

the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland*, 2013 Ark. 452; *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As grounds for the writ, petitioner first contends that he was deprived of a "fair process of direct appeal" because his appellate attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the appeal was wholly without merit. The claim is not a ground for the writ. The filing of an *Anders* brief does not fit within the purview of a coram-nobis proceeding. *Cromeans*, 2013 Ark. 273.

Petitioner next argues that the State withheld exculpatory evidence from the defense.

Suppression of material exculpatory evidence by a prosecutor falls within one of the four categories of coram-nobis relief. *Pitts*, 336 Ark. 580, 986 S.W.2d 407. The Supreme Court in *Brady v. Maryland*, 373 U.S. 83 (1963) held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. In *Stickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Stickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Stickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam).

Petitioner's allegation of a *Brady* violation primarily pertains to DNA evidence on a swab from the rape kit used to examine the victim. Petitioner contends that the prosecution did not let the defense know that there was a DNA profile on the swab that did not match petitioner's DNA. The claim must fail because it is clear from the trial record that the defense was aware at the time of trial of the results of the DNA testing conducted by the Arkansas State Crime Laboratory. Counsel for petitioner filed a pretrial motion that mentioned that petitioner's DNA was not contained in the samples submitted for testing in the rape kit and that the DNA of a unknown person was present in the samples. A forensic biologist at trial presented the results

of the DNA testing of the rape kit. In light of the references in the trial record to the exact information that petitioner alleges was hidden from the defense, petitioner has not established that the State concealed any evidence related to DNA testing.

Petitioner further seems to assert that a laboratory report on a "microscopic hair" was not provided to the defense. The claim is also not borne out by the record, which contains numerous mentions of the hairs on which microscopic analysis was conducted. If there was some other report not alluded to in the record, petitioner has not provided any factual substantiation for the claim that it existed and was somehow hidden from the defense. He, therefore, has not met his burden of demonstrating a ground for the writ. *See Demeyer v. State*, 2013 Ark. 456 (per curiam).

The fact that the trial record is replete with references to the DNA and hair evidence that petitioner contends was withheld in violation of *Brady*, and the fact that petitioner simultaneously concedes that the DNA and hair evidence was available at the time of trial suggest that petitioner may have misconstrued *Brady*. It does not appear that the allegations are in actuality based on the assertion that the State withheld the evidence. Instead, the claims appear to be based on the contention that the evidence was insufficient to prove that petitioner had perpetrated a forcible rape. For example, petitioner argues that the finding of his hair on the victim could not have been absolute proof that a rape had been committed inasmuch as it could have been deposited on the victim while she was merely fighting with petitioner. He further argues that there was no proof, presumably in the form of physical injury, that he engaged in a sex act with the victim by forcible compulsion.

If petitioner indeed intended the allegations concerning the DNA and hair testing as claims that the evidence against him was too weak to support the judgment, the arguments are essentially a challenge to the sufficiency of the evidence adduced at trial to sustain the judgment. Issues concerning the sufficiency of the evidence or the credibility of the victim or other witnesses are not cognizable in coram-nobis proceedings. *McDaniels*, 2012 Ark. 565. Those issues are to be settled at trial, and, when appropriate, on the record on direct appeal. *Sims v. State*, 2012 Ark. 458 (per curiam).

Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *McClure v. State*, 2013 Ark. 306 (per curiam). In the absence of a valid excuse for delay, the petition will be denied. *Roberts v. State*, 2013 Ark. 56 , ___ S.W.3d ___. Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay bringing the petition. *Id.* The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Anderson v. State*, 2013 Ark. ___, ___ S.W.3d ___. Here, petitioner has not established that he exercised due diligence in bringing forth his claims, and his petition would be subject to denial on that basis alone. *Smith v. State*, 2012 Ark. 403 (per curiam).

Petition denied.

*Eddie Lee Patrick, Jr.*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for respondent.