

# SUPREME COURT OF ARKANSAS

**No.** CR-86-181

| | |
|---|---|
| CHARLES PHILYAW<br><br>PETITIONER<br><br>v.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** March 20, 2014<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS  AND MOTION FOR APPOINTMENT OF COUNSEL [MILLER COUNTY CIRCUIT COURT, No. 46CR-81-164]<br><br><br>PETITION AND MOTION DENIED. |

**PER CURIAM**

In 1981, petitioner Charles Philyaw was found guilty by a jury of aggravated robbery and sentenced to life imprisonment and a fine of $12,000. We affirmed.[1] *Philyaw v. State*, 292 Ark. 24, 728 S.W.2d 150 (1987).

Petitioner has now filed a petition in this court requesting that jurisdiction be reinvested in the trial court so that he may proceed with a petition for writ of error coram nobis. He has also filed a motion seeking appointment of counsel to represent him in this proceeding. As we find no merit to the petition, the motion is denied.

The petition is properly filed in this court because a request for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram

---

[1]On direct appeal, petitioner was allowed to raise a claim of error regarding trial counsel's failure to move for a directed verdict. This court held that the claim was not cognizable under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1 (1981). That holding was later overruled in *Thomas v. State*, 322 Ark. 670, 911 S.W.2d 259 (1995).

SLIP OPINION

nobis after a judgment has been affirmed on appeal only after we grant permission. *Burton v. State*, 2014 Ark. 44 (per curiam); *Charland v. State*, 2013 Ark. 452 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland*, 2013 Ark. 452; *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As grounds for the writ, petitioner first contends that he was deprived of due process and

2

SLIP OPINION

his Sixth Amendment right to trial by an impartial jury on the following grounds: one of the jurors harbored animosity toward him and lied during voir dire, which denied him the right to exercise a peremptory challenge to the juror's being selected to serve; the trial judge conducted a "prejudicial examination" of the State's key witness in the presence of the jury; the State failed to disclose exculpatory physical evidence and impeachment material. Petitioner also alleges that he was not afforded effective assistance of counsel at trial.

With respect to the claim concerning the juror, we have held that an allegation of jury bias is not cognizable as a ground for a writ of error coram nobis. *Cromeans*, 2013 Ark. 273; *Evans v. State*, 2012 Ark. 161 (per curiam). Petitioner either could have known, or knew, at the time of trial about the juror; thus, the issue could have been raised at trial or in a motion for new trial. *Cromeans*, 2013 Ark. 273; *see also Echols v. State*, 360 Ark. 332, 201 S.W.3d 890 (2005). Petitioner has not shown that there was some fundamental flaw in the proceeding against him that warrants granting the writ. *See Cromeans*, 2013 Ark. 273.

The same applies to the claim concerning the trial judge's questioning of a witness. The matter could have been addressed at trial, and it does not provide a ground for issuance of a writ of error coram nobis. Assertions of trial error are not within the purview of a coram-nobis petition. *Croston v. State*, 2013 Ark. 504 (per curiam); *Thompson v. State*, 2012 Ark. 339 (per curiam) (mere trial error does not form a basis for coram-nobis relief).

With respect to petitioner's argument that he was denied effective assistance of counsel at trial, it is well settled that allegations of ineffective assistance of counsel are likewise outside the scope of a coram-nobis proceeding. *Burton*, 2014 Ark. 44; *McDaniels*, 2012 Ark. 270; *see also*

3

SLIP OPINION

*Tejeda-Acosta v. State*, 2013 Ark. 217, ___ S.W.3d ___. Allegations that counsel did not render the effective assistance guaranteed a criminal defendant by the Sixth Amendment are properly raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. A petition for writ of error coram nobis is not a substitute for proceeding under Rule 37.1. *Edwards v. State*, 2013 Ark. 517 (per curiam) (citing *Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___).

The sole claim raised in the instant petition that could fit within the bounds of a coram-nobis proceeding is the assertion that the State withheld exculpatory physical evidence and impeachment material. Failure to disclose evidence to the defense is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Suppression of material exculpatory evidence by a prosecutor falls within one of the four categories of coram-nobis relief. *Pitts*, 336 Ark. 580, 986 S.W.2d 407. The Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued.

SLIP OPINION

*Strickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam).

Here, petitioner first contends that the State failed to disclose the radio description of the vehicle involved in the aggravated robbery of which he was convicted. According to petitioner, the prosecution was aware that an officer with the Arkansas State Police who was near the scene of the robbery had observed a brown Chevrolet and radioed a description of the vehicle. A trooper apprehended an individual, later identified as petitioner, in a car that the officer thought was the one seen at the crime scene, even though the car that was stopped was a red Buick. Petitioner states that the officer was the only witness to testify concerning the description of the vehicle from which it could have been inferred that petitioner was present at the robbery. He alleges that, if the information concerning the radio transmission had been available, the officer could have been questioned about the description of the car.

The trial record reflects that the officer was questioned at trial about the radio transmission and the discrepancy between the reported sighting of a brown Chevrolet and a red Buick. The officer conceded that the car must have changed color if it were to be the same vehicle seen at the crime scene and later stopped by the police. When the extent of the questioning on the issue is considered, petitioner has not demonstrated that having a transcript of the radio description of the car would have provided significant exculpatory or impeachment material.

Petitioner, who was shot by the police when he was arrested, next contends that the State failed to return to him the clothing he was wearing when he was arrested that hospital personnel had given to the police. He contends that each piece of the clothing contained a bullet hole in

SLIP OPINION

the back but none in the front, establishing that he was shot from behind. He alleges that the testimony of a police officer who said petitioner attempted to shoot the officer when petitioner was arrested could have been impeached by use of the clothing that revealed that petitioner was shot in the back and was not trying to shoot the police officer. Petitioner argues that, if the officer's testimony had been impeached by the physical evidence of the clothing, it would have negated the State's claim that he was fleeing from the robbery.

The argument concerning the clothing does not rise to a *Brady* violation because petitioner clearly knew at the time of trial where he had been shot and that he had been wearing certain clothing. There is nothing in petitioner's claim of a *Brady* violation to establish that the clothing was somehow hidden from the defense and could not have been obtained. Petitioner has not shown that there was some fundamental flaw in the proceeding against him that warrants granting the writ. *See Evans*, 2012 Ark. 161.

To the extent that the assertions concerning the radio transmission and the clothing could be considered claims that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence or the credibility of witnesses are not cognizable in coram-nobis proceedings. *McDaniels*, 2012 Ark. 565. Those issues are to be settled at trial, and, when appropriate, on the record on direct appeal. *Sims v. State*, 2012 Ark. 458 (per curiam).

Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *McClure v. State*, 2013 Ark. 306 (per curiam). In the absence of a valid excuse for delay, the petition will be denied. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___. Due diligence requires that (1) the defendant be unaware of the

SLIP OPINION

fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay bringing the petition. *Id.* The requirements are a sequence of events, each of which a petitioner must show to prove due diligence. *Wright v. State*, 2014 Ark. 25 (per curiam); *Anderson v. State*, 2012 Ark. 270, ___ S.W.3d ___. Here, petitioner has not established that he exercised due diligence in bringing forth his claims, and his petition would be subject to denial on that basis alone. *Wright*, 2014 Ark. 25; *Smith v. State*, 2012 Ark. 403 (per curiam).

We note that the dissent asserts that we break from precedent set forth in *Nelson v. State*, 2014 Ark. 91, ___ S.W.3d ___, in that we declined to address the issue of due diligence in that case, yet we consider it here. However, nothing in *Nelson* suggests that we are abandoning the due-diligence requirement in coram-nobis proceedings. Moreover, diligence can always be raised as an issue when a court is asked to reopen a closed judgment of conviction. *See Cherry v. State*, 2014 Ark. 81 (per curiam). The degree to which the issue of due diligence must be addressed depends on the facts and circumstances of the particular case. In *Nelson*, it was determined that the petitioner's claims clearly did not fall within the purview of a coram-nobis proceeding. For that reason, this court elected not to address the alternative grounds for denial of relief. It is important to recall that the courts, when considering coram-nobis as a remedy, have historically embraced due diligence as a consideration in granting relief. *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975) (addressing insufficiency of appellant's claims for relief and lack of due diligence due to 22-year delay in filing of the petition) (citing with approval *People v. Maston*, 238 Cal. App.2d 877, *cert. denied*, 383 U.S. 920 (1966)). The requirement that a petitioner proceed

with due diligence is longstanding because coram-nobis is grounded on the need for the petitioner to proceed with the petition when the claim for relief is first known. Otherwise, the finality of judgments on which society relies is undermined.

Petition and motion denied.

BAKER and HART, JJ., dissent.

**JOSHEPHINE LINKER HART, Justice, dissenting.** Because the court, in *obiter dictum*, addresses the issue of whether the petitioner acted with due diligence, I respectfully dissent. In *Nelson v. State*, 2014 Ark. 91, at 6 n.3, ___ S.W.3d ___, ___, a February 27, 2014 opinion authored by Justice Danielson, the majority specifically held that we need not address due diligence when a petition fails to state a cognizable basis on which error coram nobis could issue. In *Nelson*, we stated as follows:

> Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief. *See Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. In the absence of a valid excuse for delay, the petition will be denied. *See id.* Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay bringing the petition. *See id.* Because it is clear that Nelson's petition failed to state a cognizable basis on which error coram nobis could issue, we need not address whether it was clear from Nelson's petition that he did not act with due diligence. *See, e.g., Barker v. State*, 2010 Ark. 354, 373 S.W.3d 865 (not addressing due diligence where the appellant's petition failed to state a cognizable claim for coram nobis relief).

*Nelson*, 2014 Ark. 91, at 6 n.3, ___ S.W.3d at ___.

Despite precisely setting out the scope of our review in error coram nobis cases, this court, without any explanation, hands down today a per curiam opinion that abruptly departs from this three–week old precedent. The per curiam, in *obiter dictum*, addresses the issue of due

8

diligence after holding that the petitioner did not state a cognizable basis on which error coram nobis could issue.

*Obiter dictum* is not authority, and as we have previously stated:

> This court has made it clear that it is not bound by any conclusion stated as *obiter dictum*. We have further held that . . . we are not bound by a conclusion stated as *obiter dictum*, even if couched in terms that imply the court reached a conclusion on a matter. Where discussion or comment in an opinion is not necessary to the decision reached therein, the discussion or comment is *obiter dictum*.

*Ward v. Williams*, 354 Ark. 168, 176, 118 S.W.3d 513, 518 (2003) (citations omitted).

In response to my dissent, the majority writes that "nothing in *Nelson* suggests that we are abandoning the due-diligence requirement in coram-nobis proceedings." To be clear, I do not suggest in this dissent that we abandon the due-diligence requirement. The sole purpose of this dissent is to note that, as we said in *Nelson*, "Because it is clear that [Philyaw's] petition failed to state a cognizable basis on which error coram nobis could issue, we need not address whether it was clear from [Philyaw's] petition that he did not act with due diligence."

BAKER, J., joins in this dissent.

*Charles Philyaw*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

9