SLIP OPINION

Cite as 2014 Ark. 273

# SUPREME COURT OF ARKANSAS

No. CR-10-897

| | | |
|---|---|---|
| | | **Opinion Delivered** June 5, 2014 |
| CHARLES WILSON, JR. | PETITIONER | PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND REQUESTS FOR WRIT OF CERTIORARI AND ISSUANCE OF TEMPORARY RESTRAINING ORDER [SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT, NO. 66CR-09-464] |
| V. | | |
| STATE OF ARKANSAS | RESPONDENT | |
| | | PETITION AND REQUESTS DENIED. |

## PER CURIAM

In 2010, petitioner Charles Wilson, Jr., was found guilty by a jury of delivery of a controlled substance. He was sentenced as a habitual offender to a term of 480 months' imprisonment. Imposition of an additional sentence of 240 months was suspended. The Arkansas Court of Appeals affirmed. *Wilson v. State*, 2011 Ark. App. 382.

Petitioner subsequently filed in the trial court a pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2010) that was denied. Petitioner appealed to this court. The appeal was dismissed on the ground that the petition was not timely filed in the trial court. *Wilson v. State*, 2012 Ark. 206 (per curiam).

Petitioner has now filed a petition in this court requesting that jurisdiction be reinvested in the trial court so that he may proceed with a petition for writ of error coram nobis. He has included in his petition requests for a writ of certiorari and a "temporary restraining order" against the trial court to bring up certain evidence. As there is no merit to the petition, it and

SLIP OPINION

the requests for a restraining order and a writ of certiorari are denied.

A petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Hooper v. State*, 2014 Ark. 16 (per curiam); *Charland v. State*, 2013 Ark. 452 (per curiam); *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Burks v. State*, 2013 Ark. 188 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland*, 2013 Ark. 452; *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Wright v. State*, 2014 Ark. 25 (per curiam); *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong

SLIP OPINION

presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As grounds for the writ, petitioner first contends that the trial court erred in the following ways: failed to conduct a timely pretrial arraignment; refused to uphold his right to a speedy trial; held petitioner in custody after jeopardy attached; declared him guilty without a factual basis after the court rejected a negotiated plea of guilty; did not uphold his right to effectively represent himself by denying him access to material evidence and by allowing the State to gain an unfair advantage over him in the prosecution of the case; refused to file or process discovery motions; denied his request for relevant material evidence in the form of audio and video tapes so that he could show that the tapes were falsified and, thus, defend himself against the charges; withheld action on discovery requests as a means of "torture" to discourage his faith in the judicial system; refused to listen to him; abused its discretion by allowing counsel to obtain extensions of time in an attempt to force him to agree to "settle the case"; subjected him to cruel and unusual punishment by recklessly disregarding his pleadings; permitted appointed counsel to torture him psychologically and coerce him into agreeing to a negotiated plea of guilty; accepted a form he signed pertaining to a proposed plea agreement as a "judicial confession" without conducting an inquiry into the factual basis of the agreement; denied his right to a writ of habeas corpus; denied him his right to access to the court by means of discovery; denied him his right to prepare and present exculpatory evidence, "which is access to the court to order scientific testing of said evidence"; subjected him to excessive bail; and knowingly convicted him

SLIP OPINION

on insufficient evidence. None of the claims of trial error is cognizable in a coram-nobis proceeding. By its very nature, claims of trial error could have been settled at trial and on the record on direct appeal; therefore, allegations of trial error, even if of constitutional dimension, are not within the purview of a coram-nobis petition. *Philyaw v. State*, 2014 Ark. 130 (per curiam); *Croston v. State*, 2013 Ark. 504 (per curiam); *Thompson v. State*, 2012 Ark. 339 (per curiam).

After he was found guilty in the guilt phase of his trial, petitioner asked to be sentenced in accordance with an earlier plea negotiation, but the court declined, and the trial proceeded to the penalty phase. Petitioner next contends in his petition that he was coerced at trial by his attorney to agree to the negotiated plea of guilty that was never entered. He argues that the conduct of both his attorney and the trial court with respect to the plea negotiations subjected him to months of anxiety and violated his right to avoid self-incrimination. Petitioner also alleges that the trial court and the legislature of this State have failed to afford him a right to habeas corpus to address the wrongs done to him. Neither allegation fits within one of the four categories of a coram-nobis proceeding. To the extent that parts of this petition could be construed as complaints that petitioner's attorney did not render effective assistance of counsel, allegations of ineffective assistance of counsel are also outside the purview of a coram-nobis proceeding. *Wright*, 2014 Ark. 25; *Watts v. State*, 2013 Ark. 485 (per curiam); *see also Hall v. State*, 2013 Ark. 404 (per curiam).

The sole claim raised in the instant petition that could possibly fit within the bounds of a coram-nobis proceeding is the assertion that the State withheld material evidence. Failure to

disclose evidence favorable to the defense is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and suppression of material exculpatory evidence by a prosecutor falls within one of the four categories of coram-nobis relief. *Pitts*, 336 Ark. 580, 986 S.W.2d 407. The Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Court revisited *Brady* and declared that evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam).

Here, the only evidence that petitioner clearly contends was withheld are audio and video tapes, but his allegation is couched in terms of failure of the State to turn over tapes that he requested at trial. In the requests for a temporary restraining order and a writ of certiorari that petitioner appended to his petition, petitioner states that he was aware of the State's basing its case on audio/visual evidence to prove that there was a drug transaction. He contends that the trial court and the State withheld the complete audio recording of the crime. As the court of appeals noted in its opinion on direct appeal, there was an audio tape that was introduced into

evidence. Petitioner does not establish in this coram-nobis petition, or in the request for a restraining order and a writ of certiorari, that there was indeed a different, or more intelligible, version of the tape that was withheld. Rather, his claim concerning the tape pertains largely to the trial court's having declined his attempts to obtain the tape at trial as part of discovery. He has not shown that there was withheld evidence that meets the threshold requirements of a *Brady* violation that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. It is petitioner's burden to demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered, or would have been prevented, had the information been disclosed at trial. *Williams v. State*, 2011 Ark. 151(per curiam); *Buckley v. State*, 2010 Ark. 154 (per curiam). Petitioner has offered nothing to demonstrate that a tape was withheld or, if it was withheld, that it would have been sufficient to have prevented the judgment. *See Harris v. State*, 2010 Ark. 489 (per curiam).

Petition and requests denied.

*Charles Wilson, Jr.*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for respondent.