SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CR-05-1170

| | |
|---|---|
| KE'ONDRA MONTREL CHESTANG<br>                                    PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>                                    RESPONDENT | **Opinion Delivered** November 13, 2014<br><br>PRO SE PETITION TO REINVEST<br>JURISDICTION IN THE TRIAL<br>COURT TO CONSIDER A PETITION<br>FOR WRIT OF ERROR CORAM NOBIS<br>[COLUMBIA COUNTY CIRCUIT<br>COURT,  NO. 14CR-04-68]<br><br><br>PETITION DENIED. |

**PER CURIAM**


In 2005, petitioner Ke'ondra Montrel Chestang was found guilty by a jury of aggravated robbery.  He was sentenced to 240 months' imprisonment.  The Arkansas Court of Appeals affirmed.  *Chestang v. State*, CR-05-1170 (Ark. App. Oct. 11, 2006) (unpublished) (original docket no. CACR 05-1170).

Petitioner has now filed a pro se petition in this court requesting that jurisdiction be reinvested in the trial court so that he may proceed with a petition for writ of error coram nobis.[1] A petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission.  *Hooper v. State*, 2014 Ark. 16 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval.  *Cromeans v. State*, 2013 Ark. 273 (per curiam).  The writ is allowed only under

---

[1]The petition has been assigned the docket number from the direct appeal, CR-05-1170.

compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland v. State*, 2013 Ark. 452 (per curiam) (citing *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam)). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Wright v. State*, 2014 Ark. 25 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

In his petition, petitioner contends that the prosecution withheld evidence from the jury that was contained in the probable-cause affidavit, dated June 19, 2004. He argues that the jury should have considered all the information contained in the affidavit.

When evidence favorable to the defense is wrongfully withheld by the State, it is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and cause to grant the writ. *Pitts*, 336 Ark. 580, 986 S.W.2d 407. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence

been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam).

Petitioner has not established a *Brady* violation with respect to the probable-cause affidavit. The affidavit was appended to both the information and the amended information. Clearly, the affidavit was available to the defense at the time of trial. It may be that petitioner believes that certain information contained in the affidavit was not brought out at trial, but the fact that all of the information may not have been placed before the jury in the questioning of witnesses does not demonstrate that the prosecution withheld the information from the defense. Petitioner has not met his burden of establishing a fundamental error of fact extrinsic to the record sufficient to overcome the strong presumption that the judgment of conviction in his case is valid.

To the extent that the assertions concerning the information contained in the probable-cause affidavit could be considered a claim that the evidence was insufficient to sustain the judgment, issues concerning the sufficiency of the evidence or the credibility of witnesses are not cognizable in coram-nobis proceedings. *Philyaw v. State*, 2014 Ark. 130 (per curiam). Those issues are to be settled at trial, and, when appropriate, on the record on direct appeal. *Id.*; *Sims v. State*, 2012 Ark. 458 (per curiam).

3

SLIP OPINION

Petition denied.

*Ke'ondra Montrel Chestang*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for respondent.