SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CR-11-160

| | | |
|---|---|---|
| DAVID L. VANCE | **PETITIONER** | **Opinion Delivered** June 4, 2015 |
| V. | | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [SALINE COUNTY CIRCUIT COURT, NO. 63CR-09-315] |
| STATE OF ARKANSAS | **RESPONDENT** | |
| | | PETITION DENIED. |

**PER CURIAM**

In 2010, David L. Vance was found guilty of raping his fourteen-year-old daughter and was sentenced to 240 months' imprisonment. We affirmed. *Vance v. State*, 2011 Ark. 392, 384 S.W.3d 515. Vance then filed in the trial court a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The petition was denied, and this court affirmed the order. *Vance v. State*, 2012 Ark. 254 (per curiam).

On April 16, 2015, Vance filed in this court the pro se petition that is now before us seeking leave to proceed in the trial court with a petition for writ of error coram nobis.[1] After a judgment has been affirmed on appeal, a petition filed in this court for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis only after we grant permission. *Dansby v. State*, 343 Ark. 635, 37 S.W.3d 599 (2001) (per

---

[1]When a judgment has been affirmed, a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis is docketed in this court under the docket number for the direct appeal.

curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam). The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland v. State*, 2013 Ark. 452 (per curiam) (citing *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam)). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *Chestang v. State*, 2014 Ark. 477 (per curiam); *McFerrin v. State*, 2012 Ark. 305 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Wright v. State*, 2014 Ark. 25 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

In his petition, Vance contends that the prosecution at his trial withheld exculpatory evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Vance identifies the withheld evidence as bloody sheets and couch covers. He notes that this court, in the decision affirming the judgment, referred to the victim's awakening one morning and noticing

vaginal bleeding and to Vance's engaging in intercourse with the victim on a couch. Vance points to testimony at trial where a witness testified that the sheets from the bed where the victim was raped were not seized by authorities, probably because the rape was alleged to have been committed two months prior, and that there was no effort to obtain the sheets for forensic testing even though blood evidence can sometimes be found after repeated washings. Vance contends that the failure to seize the evidence amounts to withholding material evidence that could have established his innocence. Vance's claim is essentially that the State failed to collect all the evidence that could have been obtained that would have been favorable to the defense.

A *Brady* violation is established when evidence favorable to the defense is wrongfully withheld by the State. *Pitts*, 336 Ark. 580, 986 S.W.2d 407. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Buchanan v. State*, 2010 Ark. 285 (per curiam).

Vance has not established a *Brady* violation. First, he has not met his burden of establishing that there was evidence withheld that meets the threshold requirements of a *Brady*

SLIP OPINION

violation; that is, evidence that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. *Wilson v. State*, 2014 Ark. 273 (per curiam).

Moreover, Vance has not shown that any actual evidence in existence that could have exonerated him was suppressed by the State. Vance does not contend that the State had possession of the sheets and couch covers and, either deliberately or inadvertently, kept those items, or the results of forensic testing on those items, from the defense. The defense knew at the time of trial that the victim reported having been raped while in a bed and also on a couch. The defense, through the questioning of a witness, made it known that the State had failed to seize the bed sheets to determine if blood evidence could be obtained from them and thus suggested to the jury that the evidence against Vance was insufficient to establish the offense charged.

It is clear that, rather than raise an allegation within the purview of *Brady*, Vance's assertion that the State should have tried to obtain evidence from the sheets and couch covers constitutes a claim that the evidence in his case was not strong enough to sustain the judgment. *See Patrick v. State*, 2014 Ark. 15 (per curiam). In any criminal trial, however, the defense may contend that the State did not acquire sufficient evidence to support the charge against the defendant. This contention is not the equivalent of arguing that the State wrongfully withheld material evidence under *Brady*. *Brady* does not encompass claims that the evidence was insufficient to sustain the judgment, and issues concerning the sufficiency of the evidence are not cognizable in coram-nobis proceedings. *Philyaw v. State*, 2014 Ark. 130 (per curiam). The

SLIP OPINION

question of the sufficiency of the evidence is to be settled at trial and on the record on direct appeal. *Id.*; *Sims v. State*, 2012 Ark. 458 (per curiam).

In his final ground for the writ, Vance states the following: "An alibi is not part of the four categories for a writ of error coram nobis the petitioner would his actual innocent claim." He then states that the exact dates on which the rapes were alleged to have occurred were not set out and that he was admitted to a hospital with an injury on May 16, 2008, and not released until June 30, 2008. Vance does not explain the ground further, and it is well settled that it was his burden as the petitioner to explain his claim for relief inasmuch as the application for coram-nobis relief must make a full disclosure of specific facts relied upon. *Maxwell v. State*, 2009 Ark. 309 (citing *Cloird v. State*, 357 Ark. 446, 182 S.W.3d 477 (2004)). It will suffice to say that the ground, as stated by Vance, does not demonstrate a ground for relief within the scope of a coram-nobis proceeding.

Petition denied.