# SUPREME COURT OF ARKANSAS

No. CR-87-224

| | | |
|---|---|---|
| | | **Opinion Delivered**  January 16, 2014 |
| CHRIS ZULPO | PETITIONER | PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [SALINE COUNTY CIRCUIT COURT, 63CR-86-361] |
| v. | | |
| STATE OF ARKANSAS | RESPONDENT | |
| | | PETITION DISMISSED. |

**PER CURIAM**

In 1987, petitioner Chris Zulpo was found guilty in the Saline County Circuit Court of kidnapping and sentenced to 240 months' imprisonment in case No. 63CR-86-361. The Arkansas Court of Appeals affirmed. *Zulpo v. State*, CR-87-224 (Ark. App. Aug. 31, 1988) (unpublished).

Petitioner has now filed a petition in this court requesting that jurisdiction be reinvested in the trial court so that he may proceed with a petition for writ of error coram nobis. A petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Charland v. State*, 2013 Ark. 452 (per curiam); *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Burks v. State*, 2013 Ark. 188 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of

the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland*, 2013 Ark. 452; *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As the sole ground for the writ, petitioner alleges that the history of the proceedings in case No. 63CR-86-361 demonstrates that he is imprisoned in a case that was dismissed years ago by the trial court. It will suffice to say that, taking judicial notice of certain facts that may be gleaned from an appeal lodged by petitioner in this court in 2013, *Zulpo v. State*, docket No. CV-13-664, an order entered in 1996 in the trial court in case No. 63CR-86-361 provided that the case should be dismissed for failure to afford a speedy trial. At the time the 1996 order was

entered, the judgment entered in case No. 63CR-86-361 had been in execution since 1987. The record in the appeal also contained an order entered in 2011 in case No. 63CR-86-361 that denied a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1987) filed by petitioner in the trial court. In that order, the trial court noted that, after the court of appeals' mandate had issued on January 11, 1989, petitioner filed a Rule 37.1 petition alleging ineffective assistance of counsel. In September 1989, the trial court ordered the release of petitioner into the custody of the Saline County Sheriff, and petitioner posted a bond and was released from custody. The State moved to revoke the bond, and a hearing was set on the motion. Petitioner failed to appear for the hearing on the Rule 37.1 petition, and a warrant was issued for his arrest. In 2009, petitioner was arrested and returned to the Arkansas Department of Correction to serve his sentence in case No. 63CR-86-361.

Petitioner now argues that a writ of error coram nobis should issue because he was returned to prison on a case that had been dismissed in 1996. Regardless of how convoluted the history of the case may be, the claim simply does not fit any of the categories within the purview of a coram-nobis proceeding. Again, a coram-nobis proceeding is an exceedingly narrow remedy that requires a showing of facts that were extrinsic to the record that would have prevented rendition of the judgment at trial. *See Maxwell v. State*, 2012 Ark. 251 (per curiam). Petitioner's claims are not within the scope of such a proceeding, and for that reason, the petition is subject to dismissal. We decline to expand the scope of the writ to afford petitioner a remedy.

Petition dismissed.

*Chris Zulpo*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for respondent.