
# SUPREME COURT OF ARKANSAS

No. CR-08-1019

| | | |
|---|---|---|
| ROBERT BURTON | | **Opinion Delivered** January 30, 2014 |
| | PETITIONER | |
| V. | | PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [GARLAND COUNTY CIRCUIT COURT, NO. 26CR-07-144] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | PETITION DENIED. |

## PER CURIAM

In 2008, a jury found petitioner Robert Burton guilty of aggravated robbery and burglary. According to the trial record, Tamara Herrera, her son Anthony Newell, and his girlfriend, Rachael Cummings, as well as several children, were asleep in their residence when petitioner, Michael Canady, and Mary Crow entered the home and stated that they needed all the money. The evidence at trial included the pretrial and in-court identification of petitioner by Cummings as well as the in-court identification of petitioner by Newell. Both Cummings and Newell testified that petitioner held a gun on the family while the woman (Crow) took $1000 from a pair of Newell's jeans. According to the trial record, Herrera identified Canady based on his voice, and she made a pretrial identification of Crow; however, Herrera testified that she did not see the third individual that was in the home. Petitioner was sentenced to serve a total of 360 months' imprisonment. In a motion for new trial, petitioner argued that he was entitled to a new trial based on newly discovered evidence consisting of (1) evidence of Herrera's attempt to extort money from Canady in exchange for the charges against him being dismissed; (2)

testimony in the Canady trial that Herrera was unsure as to whether Canady was one of the participants in the charged crimes; and (3) a tape recording of Herrera in which she made admissions contrary to her testimony and statements to the Hot Springs Police Department. At the motion hearing, the trial court heard arguments of counsel with regard to the bases for the motion, and a copy of relevant portions of the trial transcript of the Canady trial was introduced. The partial trial transcript reflects that all the evidence referenced by petitioner in the motion was addressed or introduced in the Canady trial. In its order denying the motion for new trial, the trial court found that (1) the identification of petitioner as a perpetrator of the crime with which he was charged did not depend on the testimony of Herrera, and (2) the petitioner had not demonstrated that the testimony elicited in the Canady trial would have been admissible in his trial, and the court did not view it as admissible in this case. The Arkansas Court of Appeals affirmed the judgment-and-commitment order. *Burton v. State*, 2009 Ark. App. 328.

Subsequently, petitioner filed in the trial court a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). The petition was denied, and we affirmed. *Burton v. State*, 2011 Ark. 351 (per curiam). Petitioner has now filed in this court a petition requesting that this court reinvest jurisdiction in the trial court in order that he may proceed with a petition for writ of error coram nobis. We deny the petition because petitioner fails to show that the claims he would raise in his proposed attack on the judgment are meritorious.

A petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal

SLIP OPINION

only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Burks v. State*, 2013 Ark. 188 (per curiam).

As grounds for the writ, petitioner, in an apparent claim of ineffective assistance of counsel, first contends that if trial counsel had conducted a pretrial investigation, he could have shown that the pretrial and in-court identifications of him were "grossly incorrect" as well as "fabricated" or "distorted." Petitioner next claims that a writ is warranted based on newly discovered evidence that questions the credibility of the State's witnesses, primarily Herrera. As in his motion for new trial, petitioner claims that the newly discovered evidence consists of evidence of attempted extortion of Canady by Herrera, testimony in the Canady trial that Herrera was unsure of her identification of Canady, and a tape recording of Herrera in which she contradicted her testimony and statements to the Hot Springs Police Department. Petitioner also argues that the recording of Herrera was withheld by the prosecuting attorney's office in violation of his constitutional rights, as recognized in *Brady v. Maryland*, 373 U.S. 83 (1963). Finally, petitioner contends that a writ is warranted because the initial investigation into his involvement in the charged crimes was a result of hearsay—Canady's mother telling Herrera that if Canady was involved in the crime, then petitioner was also involved—that questions the credibility of the State's witnesses.

Petitioner seems to urge this court to accept a new standard for determining when a writ of error coram nobis is warranted. We decline to do so. A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling

3

SLIP OPINION

circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, __ S.W.3d __; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As to petitioner's claim that he is entitled to a writ based on trial counsel's failure to conduct an adequate pretrial investigation, such allegation is not a basis for the writ. This court has consistently held that claims of ineffective assistance of counsel are outside the purview of a coram-nobis proceeding. *Hall v. State*, 2013 Ark. 404 (per curiam); *Cromeans*, 2013 Ark. 273.

As to petitioner's claim based on newly discovered evidence that mirrors his argument previously raised and addressed in a motion for new trial, a writ is not warranted on such basis.

Likewise, petitioner's claim regarding a "hearsay" statement that led to an investigation of his involvement in the charged crimes does not warrant issuance of a writ. Testimony regarding this statement was included in the partial transcript of the Canady trial that was introduced into evidence at the hearing on petitioner's motion for new trial. It is clear from the direct-appeal record that all of this evidence was brought forward in the trial court and was not extrinsic to the record as necessary to warrant issuance of the writ. The evidence was presented at the hearing on petitioner's motion for new trial; thus, the evidence was known to the trial court at the time that it denied petitioner's motion. Accordingly, petitioner's claims are not cognizable in a coram-nobis proceeding. *See McCullough v. State*, 2009 Ark. 211 (per curiam) (A coram nobis proceeding does not provide a means to address issues raised by petitioner in a motion for new trial.)

Finally, petitioner's argument that the recording, in which she made admissions contrary to other statements, was withheld by the prosecuting attorney's office in violation of his constitutional rights, as recognized in *Brady v. Maryland*, 373 U.S. 83 (1963), is without merit. The three elements of a *Brady* violation are that: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. Without addressing the first and third criteria, we recognize that the second criterion cannot be met. Petitioner was aware of the recording at the time that he filed his motion for new trial and referred to it as a basis for his motion.

Petition denied.
*Robert Burton*, pro se petitioner.
*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for respondent.

5