SLIP OPINION

Cite as 2014 Ark. 272

# SUPREME COURT OF ARKANSAS

No. CR-92-171

| | | |
|---|---|---|
| JIMMY JARRETT | | **Opinion Delivered** June 5, 2014 |
| | PETITIONER | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [LAWRENCE COUNTY CIRCUIT COURT, NO. 38CR-91-39] |
| V. | | |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | PETITION DENIED. |

## PER CURIAM

In 1991, petitioner Jimmy Jarrett was found guilty of rape and first-degree battery and sentenced to consecutive sentences of life and twenty years' imprisonment, respectively. We affirmed. *Jarrett v. State*, 310 Ark. 358, 833 S.W.2d 779 (1992).

Petitioner has now filed a petition in this court requesting that jurisdiction be reinvested in the trial court so that he may proceed with a petition for writ of error coram nobis. The petition is properly filed in this court in that a request for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Burton v. State*, 2014 Ark. 44 (per curiam); *Charland v. State*, 2013 Ark. 452 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam).

SLIP OPINION

We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland*, 2013 Ark. 452; *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As grounds for the writ, petitioner first contends that material evidence was withheld by the prosecution. Failure to disclose evidence favorable to the defense is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and suppression of material exculpatory evidence by a prosecutor falls within one of the four categories of coram-nobis relief. *Pitts*, 336 Ark. 580, 986 S.W.2d 407. Here, petitioner's allegation of withheld evidence must fail because there is no statement of what evidence is alleged to have been hidden from the defense. Without an explanation of what evidence was kept from the defense, petitioner has not met his burden of establishing a *Brady*

violation. *See Williams v. State*, 2011 Ark. 151 (per curiam).

Petitioner next asserts that he was not afforded effective assistance of counsel at trial. The claim is outside the purview of a coram-nobis proceeding. *Wright v. State*, 2014 Ark. 25 (per curiam) (citing *State v. Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___); *Watts v. State*, 2013 Ark. 485 (per curiam). Such claims are properly raised in a timely petition for postconviction relief pursuant to Rule 37.1. A petition for writ of error coram nobis is not a substitute for raising an issue under Rule 37.1. *Travis v. State*, 2014 Ark. 82 (per curiam).

Petitioner next argues that, because he did not have the assistance of counsel when he filed a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (1991) in the trial court, a writ of coram nobis should issue. As authority, he cites *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, ___ U.S. ___, 132 S. Ct. 1309 (2012), and he contends specifically that this court should reinvest jurisdiction in the trial court to entertain his allegations of ineffective assistance of counsel.

The *Martinez* court held that, when state law requires a prisoner to use a collateral attack rather than a direct appeal to raise a claim that his trial attorney was not effective under the Sixth Amendment, the prisoner's failure to comply with state rules in bringing his collateral attack on the judgment will no longer bar a federal judge from granting habeas relief on that claim, if the prisoner had no attorney to represent him in the collateral proceeding or that attorney was ineffective and if the petition filed in the state court had a meritorious claim. In *Trevino*, the Court extended its holding in *Martinez* to cases in which a state's procedural framework make it unlikely in a typical case that a defendant would have a meaningful opportunity to raise a claim

3

of ineffective assistance of trial counsel on direct appeal.

Petitioner's reliance on *Martinez* and *Trevino* is misplaced. Neither decision requires this court to expand the scope of a coram-nobis proceeding to allow for issuance of a writ of error coram nobis to permit a collateral challenge to a judgment of conviction under Rule 37.1. Again, a coram-nobis proceeding is an exceedingly narrow remedy that requires a showing of facts that were extrinsic to the record that would have prevented rendition of the judgment at trial. *Pitts v. State*, 2014 Ark. 132 (per curiam). Petitioner's claim that he was not afforded an adequate opportunity to present claims of ineffective assistance of counsel under Rule 37.1 is not within the scope of such a proceeding. We decline to refashion the writ to afford petitioner a remedy. *See Nelson v. State*, 2014 Ark. 91, ___ S.W.3d ___ (holding that claims of ineffective assistance of counsel are beyond the scope of a coram-nobis proceeding); *see also Zulpo v. State*, 2014 Ark. 14 (per curiam) (holding that the scope of a coram-nobis proceeding would not be expanded to include an argument outside the four categories recognized as being within the purview of a coram-nobis proceeding).

Petition denied.

*Jimmy Jarrett*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for respondent.