SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-04-18

DELARRON KEITH WASHINGTON
                                    PETITIONER

V.

STATE OF ARKANSAS
                                   RESPONDENT

Opinion Delivered September 11, 2014

PRO SE PETITION TO RECALL THE MANDATE AND REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS, WRIT OF HABEAS CORPUS, QUO WARRANTO, AND EVIDENTIARY HEARING [UNION COUNTY CIRCUIT COURT, NO. 70CR-02-487]

PETITION DENIED.

## PER CURIAM

In 2003, a jury found petitioner DeLarron Keith Washington guilty of residential burglary, aggravated robbery, and first-degree battery and sentenced him to an aggregate term of 480 months' imprisonment. The Arkansas Court of Appeals affirmed. *Washington v. State*, CR-04-18 (Ark. App. Oct. 27, 2004) (unpublished) (original case no. CACR 04-18) (*Washington I*). Petitioner then filed in this court a pro se petition in which he requested permission to proceed in the trial court with a petition for writ of error coram nobis based on a claim of ineffective assistance of counsel. The petition was denied. *Washington v. State*, CR-04-18 (Ark. May 8, 2008) (unpublished per curiam) (original case no. CACR 04-18) (*Washington II*). Petitioner has now filed a second petition in this court entitled "Petitioner's Pro Se Petition to Recall the Mandate, Reinvest Jurisdiction to Allow Writ of Error Coram Nobis, Habeas Corpus, Quo Warranto, Evidentiary Hearing, Etc." We construe the petition as a request that

SLIP OPINION

jurisdiction be reinvested in the trial court so that petitioner may proceed with a petition for writ of error coram nobis.[1]

A petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Burks v. State*, 2013 Ark. 188 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are

---

[1]As with the first such petition, the petition was assigned the same docket number as the direct appeal in the case.

attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

In the first petition, petitioner alleged that counsel representing him at trial was not a licensed attorney, that counsel's license was suspended at the time of petitioner's trial, and that petitioner was therefore without counsel and deprived of a fair trial. Petitioner further asserted that the trial court and the prosecutor were aware of counsel's suspension, although petitioner was not. We concluded that petitioner's claim was, in effect, a claim that counsel was ineffective because his license was suspended at the time of trial, and we denied the petition because a claim of ineffective assistance of counsel is not a ground to grant a writ of error coram nobis. *Washington II*, slip op. at 2–3.

Now, in his second petition, petitioner again raises the claim that he was denied effective assistance of counsel because his trial attorney's license had been suspended at the time of trial. Petitioner also again alleges that the trial court and the prosecutor were aware of the suspension at the time of trial. While petitioner alleges that the trial judge violated his oath of office by permitting counsel to represent him while his license was suspended, the allegation appears to be made in support of his claim that he is entitled to relief because he has not been allowed to present his claim of ineffective assistance. Claims of ineffective assistance of counsel are not cognizable in error-coram-nobis proceedings. *Burgie v. State*, 2013 Ark. 356 (per curiam); *Cromeans*, 2013 Ark. 273. Accordingly, as with petitioner's prior petition based on a claim of ineffective assistance of counsel, we find no ground to grant the relief sought based on

SLIP OPINION

petitioner's repeated assertion that he was denied effective assistance of counsel.[2]

To the extent that petitioner is attempting to argue that, based on *Trevino v. Thaler*, 569 U.S. ___, 133 S. Ct. 1911 (2013), he is entitled to raise an allegation of ineffective assistance of counsel and related claims, his reliance on *Trevino* is misplaced. *Trevino* does not require this court to expand the scope of a coram-nobis proceeding to allow for issuance of a writ of error coram nobis to permit a collateral challenge to a judgment of conviction based on a claim of ineffective assistance of counsel. *Jarrett v. State*, 2014 Ark. 272 (per curiam). Again, a coram-nobis proceeding is an exceedingly narrow remedy that requires a showing of facts that were extrinsic to the record that would have prevented rendition of the judgment at trial. *Id.* Petitioner's claim that he has not been afforded an adequate opportunity to present claims of ineffective assistance of counsel is not within the scope of such a proceeding. *See id.* We decline to refashion the writ to afford petitioner a remedy. *See id.*; *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852 (holding that claims of ineffective assistance of counsel are beyond the scope of a coram-nobis proceeding); *Zulpo v. State*, 2014 Ark. 14 (per curiam) (holding that the scope of a coram-nobis proceeding would not be expanded to include an argument outside the four categories recognized as being within the purview of a coram-nobis proceeding).

Petitioner's next claim is based on the assertion that the victim was not able to identify him at trial. This allegation amounts to an argument that the evidence was not sufficient to

---

[2]While the petition summarily refers to habeas-corpus relief and the style of the petition refers to other forms of relief, the petition does not include any cognizable claim or convincing argument for such relief. Moreover, as we stated in our prior decision addressing petitioner's first petition to reinvest jurisdiction, petitioner must file a petition for writ of habeas corpus directly in the circuit court in the county in which the prisoner is held in custody. *Washington II.*

sustain the judgment-and-commitment order. The issue of the sufficiency of the evidence is not cognizable in a coram-nobis proceeding. *Sims v. State*, 2012 Ark. 458 (per curiam); *Smith v. State*, 2012 Ark. 403 (per curiam). The sufficiency of the evidence is a matter to be addressed at trial. *McDaniels v. State*, 2012 Ark. 465 (per curiam); *Sims*, 2012 Ark. 458.

Finally, petitioner claims that, because his trial attorney admitted to a drug addiction and had his license suspended, he is entitled to "have all records, files, docket sheets, etc. . . . recalled" and to receive "postconviction relief." We treat petitioner's request as a request to recall the direct-appeal mandate and find no good cause to do so. To warrant recall of the mandate, a petitioner must show an "error in the appellate process," meaning an error that *this court* made or overlooked while reviewing a case in which the death sentence was imposed. *Nooner v. State*, 2014 Ark. 296, ___ S.W.3d ___ (citing *Engram v. State*, 360 Ark. 140, 200 S.W.3d 367 (2004)). We have been consistent in considering motions to recall the mandate in criminal cases only where the death penalty has been imposed. *Id.* While petitioner does not cite *Lee v. State*, 367 Ark. 84, 238 S.W.3d 52 (2006) in support of his request to recall the mandate, we note that *Lee* is distinguishable from the instant case because *Lee* was a death-penalty case in which the petitioner's postconviction proceedings were determined to be procedurally flawed based on a record replete with examples of his postconviction attorney not functioning at the level of qualified or competent counsel required by Arkansas Rule of Criminal Procedure 37.5. Here, petitioner's claim of ineffective assistance of counsel is not sufficient to demonstrate any error in the appellate process to warrant recalling the direct-appeal mandate.

Petition denied.

*DeLarron Keith Washington*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for respondent.

SLIP OPINION