SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-09-9

| | | |
|---|---|---|
| LEROY STEVENSON | PETITIONER | **Opinion Delivered** July 23, 2015 |
| | | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT, No. 16CR-08-702] |
| V. | | |
| STATE OF ARKANSAS | RESPONDENT | |
| | | PETITION DENIED. |

**PER CURIAM**

In a 2008 bench trial, Leroy Stevenson was found guilty of rape and sentenced as a habitual offender to 600 months' imprisonment. After trial, Stevenson filed a motion for new trial, alleging that he had not been afforded effective assistance of counsel. The motion was denied. On appeal, the Arkansas Court of Appeals affirmed in part and remanded for a hearing on the motion for new trial. *Stevenson v. State*, 2010 Ark. App. 122. After the hearing was held and the remand was returned, the court of appeals also affirmed the order denying the motion for new trial. *Stevenson v. State*, 2011 Ark. App. 547.

Subsequently, Stevenson timely filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2008), again alleging that he was denied effective assistance of counsel at trial. The trial court dismissed the petition, and Stevenson appealed to this court. We dismissed the appeal on the ground that it was clear from the Rule 37.1 petition and the record that Stevenson had not met his burden of establishing that the judgment in his case should be vacated under the Rule. *Stevenson v. State*, 2013 Ark. 302 (per

SLIP OPINION

curiam).

Now before us is Stevenson's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. As grounds for relief, Stevenson contends that federal-case authority, in particular *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) and *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013), has established that Rule 37.1 proceedings are too narrow and do not afford indigent petitioners a meaningful review of claims of ineffective assistance of counsel. He seeks to expand coram-nobis proceedings to encompass such claims.

We first note that the petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial,

2

(2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

This court has previously addressed the argument made by Stevenson concerning whether federal precedent requires this court to expand coram-nobis proceedings to allow allegations of ineffective assistance of counsel to be addressed. We have specifically held that reliance on *Trevino* to support expansion of the remedy is misplaced. *Washington v. State*, 2014 Ark. 370, at 4, 439 S.W.3d 686, 689 (per curiam).

*Trevino*, which pertains to a state's procedure to raise allegations of ineffective assistance of trial counsel on direct appeal, does not require this court to refashion the scope of a coram-nobis proceeding to allow for issuance of a writ of error coram nobis to permit a collateral challenge to a judgment of conviction based on a claim of ineffective assistance of counsel. *Id.*; *Jarrett v. State*, 2014 Ark. 272 (per curiam). *Sasser* also concerned the question of whether Arkansas, as a systematic matter, afforded petitioners a meaningful review of a claim of ineffective assistance of trial counsel on direct appeal. As with *Trevino*, *Sasser* does not require the scope of coram-nobis proceedings to be expanded to include claims of ineffective assistance of counsel.

Again, a coram-nobis proceeding is an exceedingly narrow remedy that requires a showing of facts that were extrinsic to the record that would have prevented rendition of the judgment at trial. *Washington*, 2014 Ark. 370, 439 S.W.3d 686. Petitioner's claim that he has not been afforded an adequate opportunity to present claims of ineffective assistance of counsel is

not within the scope of such a proceeding. *See id.*; *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852 (holding that claims of ineffective assistance of counsel are beyond the scope of a coram-nobis proceeding); *Zulpo v. State*, 2014 Ark. 14 (per curiam) (holding that the scope of a coram-nobis proceeding would not be expanded to include an argument outside the four categories recognized as grounds for the writ.). A petition for writ of error coram nobis is not a substitute for proceeding under Rule 37.1. *State v. Tejeda-Acosta*, 2013 Ark. 217, at 5, 427 S.W.3d 673, 676.

Petition denied.