SLIP OPINION

Cite as 2015 Ark. 334

# SUPREME COURT OF ARKANSAS

No. CR-12-623

| | | |
|---|---|---|
| RALPH PRUITT | | **Opinion Delivered** September 24, 2015 |
| | PETITIONER | |
| V. | | PRO SE PETITION AND SUPPLEMENT TO PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [FRANKLIN COUNTY CIRCUIT COURT, OZARK DISTRICT, NO. 24CR-11-50] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | PETITION AND SUPPLEMENT TO PETITION DENIED. |

**PER CURIAM**

In 2012, Ralph Pruitt was convicted of two counts of rape pursuant to Arkansas Code Annotated section 5-14-103(a)(3) (Supp. 2011), class Y felonies, and one count of sexual indecency with a minor under Arkansas Code Annotated section 5-14-110(4)(C) (Supp. 2011), a class D felony. He was sentenced to 480 months' imprisonment on each of the rape charges and 72 months' imprisonment on the sexual-indecency-with-a-minor charge to be served concurrently. We affirmed. *Pruitt v. State*, 2013 Ark. 128.

Now before us are Pruitt's pro se petition and supplemental petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an

SLIP OPINION

extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Pruitt has appended to his coram-nobis petition the following items which were filed in his case in the United States District Court in 2015: Pruitt's answer to the State's response to his petition for writ of habeas corpus; Pruitt's motion seeking an evidentiary hearing on his habeas petition; Pruitt's objections to the federal magistrate's recommendation that his federal habeas petition be dismissed; Pruitt's answer to the State's response to his motion for an evidentiary hearing. He has also appended to his coram-nobis petition the following items which were filed in Arkansas state courts: Pruitt's petition for postconviction relief pursuant to

Arkansas Rule of Criminal Procedure 37.1 (2011); the order of the trial court dismissing the Rule 37.1 petition on the basis that it was not timely filed; the decision of this court, *Pruitt v. State*, 2014 Ark. 258 (per curiam), rendered May 29, 2014, denying Pruitt's motion to proceed with an appeal of the Rule 37.1 order on the ground that the Rule 37.1 petition was not timely filed.

Pruitt contends that the items attached to his petition establish that his Rule 37.1 petition had merit, that he was not afforded effective assistance of counsel at trial, that the prosecution withheld material evidence from the defense at his trial, that his case was not properly adjudicated in state court, which led to the federal court's denial of his claims raised in his federal court proceedings, and that recent federal court decisions have established that Arkansas postconviction remedies are inadequate to allow a meaningful review of claims of ineffective assistance of counsel. It appears that Pruitt desires this court to comb through the material he has attached to find some ground for a petition for writ of error coram nobis inasmuch as his petition is entirely devoid of any facts to show that there is a ground for the writ.

With respect to Pruitt's assertions that he was denied effective assistance of counsel and that his Rule 37.1 petition had merit, this court has repeatedly held that ineffective-assistance-of-counsel claims are not cognizable in error-coram-nobis proceedings and that such proceedings are not a substitute for raising ineffective-assistance-of-counsel claims under Rule 37.1. *White v. State*, 2015 Ark. 151, at 4, 460 S.W.3d 285, 288. If there was a ground for postconviction relief available to Pruitt under the Rule, it was his burden to raise it in a timely filed Rule 37.1 petition. When he was denied Rule 37.1 relief in the trial court, it was his burden to effect a timely appeal to this court. A coram-nobis proceeding is not a substitute for raising

SLIP OPINION

claims of ineffective assistance of counsel under the Rule or for perfecting an appeal from an order that denied Rule 37.1 relief. *See State v. Tejeda-Acosta*, 2013 Ark. 217, at 14, 427 S.W.3d 673, 681 (declining to expand the grounds for writ of error coram nobis to include ineffective-assistance-of-counsel claims).

As to Pruitt's allegation that our state postconviction remedy is not adequate to raise claims of ineffective assistance of counsel, he cites *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013), in support of his contention that grounds for the writ should be expanded to include ineffective-assistance claims. While we are mindful of the holdings in *Trevino* and *Sasser*, neither requires this court to expand the scope of a coram-nobis proceeding to permit a collateral challenge to a judgment of conviction that would otherwise be brought pursuant to Rule 37.1. *See Washington v. State*, 2014 Ark. 370, 439 S.W.3d 686 (per curiam); *see also Jarrett v. State*, 2014 Ark. 272 (per curiam). Pruitt has not established any authority under federal law for this court to accept allegations of ineffective-assistance-of-counsel as a ground for the writ. We will not consider an issue if the appellant has failed to cite to any convincing legal authority in support of his argument. *Barker v. State*, 2010 Ark. 354, at 6, 373 S.W.3d 865, 869.

Turning to Pruitt's argument that the United States District Court erred in dismissing his habeas petition because his case was not properly adjudicated in state court, any action he desired to take to challenge the federal court decision should have been pursued in the federal court. Moreover, this court will not sort through the material filed in the federal court proceeding to ferret out a possible coram-nobis claim.

The sole claim raised by Pruitt in his petition to this court that would, if proven, fit within the purview of a coram-nobis proceeding is the contention that the State withheld material evidence from the defense. Suppression of material exculpatory evidence by the State falls within one of the four categories of coram-nobis relief. *Isom v. State*, 2015 Ark. 225, at 2, 462 S.W.3d 662, 663. When evidence favorable to the defense is wrongfully withheld by the State, it is a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and cause to grant a writ of error coram nobis. *Id.*, 462 S.W.3d at 663 To establish a violation of *Brady*, the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; the evidence must have been suppressed by the State, either willfully or inadvertently; prejudice must have ensued. *Howard*, 2012 Ark. 177, at 8, 403 S.W.3d at 44.

Here, Pruitt's claim must fail because he does not explain what evidence was withheld. The onus is entirely on the petitioner to provide factual support for his claims. *Cloird v. State*, 357 Ark. 446, 450, 182 S.W.3d 477, 479 (2004). As Pruitt has offered no facts on which he bases his conclusory statement that the State withheld evidence, there is no basis stated for the writ. The petitioner who seeks issuance of a writ of error coram nobis must make a full disclosure of specific facts relied upon and not merely state conclusions as to the nature of such facts; a bare allegation that a constitutional right has been denied will not suffice. *Howard*, 2012 Ark. 177, at 19, 403 S.W.3d at 50.

Petition and supplement to petition denied.