# SUPREME COURT OF ARKANSAS

No. CR–05–1381

| | | |
|---|---|---|
| DANNY LEE HOOPER | PETITIONER | **Opinion Delivered** January 16, 2014 |
| v. | | PRO SE PETITION AND AMENDED PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTIONS FOR APPOINTMENT OF COUNSEL AND APPOINTMENT OF PSYCHIATRIST [WASHINGTON COUNTY CIRCUIT COURT, 72CR-05-761] |
| STATE OF ARKANSAS | RESPONDENT | |
| | | PETITION AND AMENDED PETITION DENIED; MOTIONS MOOT. |

**PER CURIAM**

In 2005, petitioner Danny Lee Hooper was found guilty by a jury of three counts of rape, kidnapping, robbery, residential burglary, and third-degree battery and sentenced as a habitual offender to an aggregate sentence of 1,320 months' imprisonment. The Arkansas Court of Appeals affirmed. *Hooper v. State*, CR-05-1381 (Ark. App. Aug. 30, 2006) (unpublished). Subsequently, petitioner filed in the trial court a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2005). The petition was denied. Petitioner appealed from the order to this court, and we dismissed the appeal as it was clearly without merit. *Hooper v. State*, CR-07-816 (Ark. Nov. 29, 2007) (unpublished per curiam).

Petitioner has now filed here a petition and amended petition requesting that this court reinvest jurisdiction in the trial court so that he may proceed with a petition for writ of error

coram nobis. He has also filed a motion for appointment of counsel and a motion asking that a psychiatrist be appointed to examine and consult with him in the coram-nobis proceeding. We deny the petition and amended petition. As the petition and amended petition are denied, the motions are moot.

A petition for leave to proceed in the trial court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Charland v. State*, 2013 Ark. 452 (per curiam); *Cromeans v. State*, 2013 Ark. 273 (per curiam); *Burks v. State*, 2013 Ark. 188 (per curiam).

A writ of error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *Cromeans*, 2013 Ark. 273; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *McDaniels v. State*, 2012 Ark. 465 (per curiam). We have held that a writ of error coram nobis is available to address certain errors that are found in one of four categories: insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Charland*, 2013 Ark. 452; *Cromeans*, 2013 Ark. 273; *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999) (per curiam). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. *McFerrin v. State*, 2012 Ark. 305 (per curiam); *Cloird v. State*, 2011 Ark. 303 (per curiam). The petitioner has the burden of demonstrating a

fundamental error of fact extrinsic to the record. *Williams v. State*, 2011 Ark. 541 (per curiam). Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Roberts v. State*, 2013 Ark. 56, ___ S.W.3d ___; *Carter v. State*, 2012 Ark. 186 (per curiam); *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (citing *Troglin v. State*, 257 Ark. 644, 519 S.W.2d 740 (1975)).

As grounds for the writ, petitioner first contends that he was incompetent at the time of trial and denied his right to present an insanity defense by his attorney's ineffectiveness. Petitioner attributes his impaired intellectual functioning to a gunshot wound to the head that he suffered some years before trial. The allegation does not warrant issuance of a writ of error coram nobis.

Prior to trial, petitioner was examined by a psychiatrist pursuant to a motion filed by the defense. The psychiatrist diagnosed him with drug and alcohol dependency and antisocial personality. The psychiatrist further concluded that petitioner did not have a mental disease or defect when he committed the crimes, did not lack the capacity to appreciate the criminality of his conduct, and did not lack the capacity to conform his conduct to the requirements of the law. While petitioner alleges that his attorney failed to provide the doctor with medical records concerning the head injury, the matter was discussed at a pretrial hearing. At that time, the trial court declined to grant a continuance to allow petitioner to obtain the records to be submitted to the doctor.

Petitioner has presented nothing in his coram-nobis petition to demonstrate that there would have been a different outcome to the trial had the doctor had the medical records. The

doctor determined that petitioner was competent at the time of the defense and at the time of trial. Petitioner has not shown that any particular information in the medical report would have caused the doctor to reach a different assessment. Moreover, while insanity at the time of trial is a ground for the writ, the burden is on the petitioner who claims a history of mental defect or illness to overcome the strong presumption that the judgment was valid. The mere fact that petitioner may have had a head injury before the psychiatrist examined him is not sufficient to warrant issuance of the writ.

Petitioner's assertion that the writ should issue because his attorney did not render effective assistance of counsel at trial must also fail. This court has consistently held that allegations of ineffective assistance of counsel are outside the purview of a coram-nobis proceeding. *Cromeans*, 2013 Ark. 273 (per curiam); *McDaniels*, 2012 Ark. 465; *see also State v. Tejeda-Acosta*, 2013 Ark. 217, ___ S.W.3d ___.

Petitioner next contends that evidence in the form of a sample of his DNA was illegally obtained and should have been suppressed. Petitioner alludes to the prosecution's having withheld the evidence, but it is not clear from the petition how the prosecution kept the evidence from the defense inasmuch as petitioner was clearly aware at the time of trial that the sample had been taken. Any argument pertaining to the collection of the DNA and its use as evidence at trial could, therefore, have been raised at the time of trial. Allegations concerning the admission of evidence are claims of trial error, and such allegations by their very nature constitute issues known at the time of trial that were addressed, or could have been addressed, at that time. Trial error is not a ground for the writ. *Smith v. State*, 2012 Ark. 403 (per curiam);

*Anderson v. State*, 2012 Ark. 270, ___ S.W.3d ___ (per curiam). This applies even to issues of trial error of constitutional dimension that could have been raised in the trial court. *Rodgers v. State*, 2012 Ark. 193 (per curiam).

Finally, petitioner argues that the multiple offenses of which he was convicted were committed in one episode and should not have been prosecuted as separate crimes. As with the allegations concerning the admission of DNA evidence, the argument is one that could have been raised at trial. Every fact that petitioner advances as proof that he should have been charged with a single offense was known at the time of trial. There was no fact extrinsic to the record that would justify issuance of the writ. Extraordinary relief is not a substitute for raising an issue at trial and on the record on direct appeal. *Id.*; *Fudge v. State*, 2010 Ark. 426 (per curiam). If petitioner intended the claim to be a claim of double jeopardy, such allegations are not cognizable in a coram-nobis proceeding. *See Anderson*, 2012 Ark. 270, ___ S.W.3d ___.

Petition and amended petition denied; motions moot.

*Danny Lee Hooper*, pro se petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for respondent.