Cite as 2021 Ark. 110

# SUPREME COURT OF ARKANSAS
**No.** CR–20–447

| | |
|---|---|
| DANNY LEE HOOPER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** May 13, 2021<br><br>PRO SE APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CR-05-761A]<br><br>HONORABLE MARK LINDSAY, JUDGE<br><br><u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

Danny Lee Hooper appeals from the circuit court's dismissal of his successive pro se petition requesting or obtaining an authorization order for leave to amend and supplement record(s) pursuant to Act 1780, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016). His petition seeks scientific testing of evidence from his 2005 criminal case. Because Hooper did not rebut the presumption against timeliness, failed to state facts that would entitle him to scientific testing, and raised successive claims, we affirm.

## I. *Background*

In 2005, a jury found Hooper guilty of three counts of rape, kidnapping, robbery, residential burglary, and third-degree battery. He was sentenced as a habitual offender to an aggregate sentence of 1,320 months' imprisonment. The Arkansas Court of Appeals affirmed. *Hooper v. State*, CR-05-1381 (Ark. App. Aug. 30, 2006) (unpublished). The evidence at trial included testimony from the sixty-eight-year-old victim describing the

rape. *Id.* DNA on rectal swabs established that Hooper anally penetrated the victim. *Id.* Hooper testified in his own defense and admitted that he was a drug addict and was drunk that night when he entered the victim's house to steal money. He admitted to vaginally raping the victim but did not recall anal penetration. *Id.*

Hooper filed multiple claims for postconviction relief that this court rejected, including a petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. *Hooper v. State*, 2014 Ark. 16 (per curiam). In that petition, Hooper claimed he was incompetent at the time of trial. *Id.* In denying his claims, we noted that a psychiatrist examined him before trial. The conclusion was that Hooper did not have a mental disease or defect when he committed the crimes, he had the capacity to appreciate the criminality of his conduct, and he could conform his conduct to the requirements of the law. *Id.*

## II. *Act 1780 of 2001*

We do not reverse the denial of a petition for writ of habeas corpus filed under Act 1780 unless the circuit court's findings are clearly erroneous. *McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.*

Act 1780 of 2001, as amended by Act 2250 of 2005, provides that this court can issue a writ of habeas corpus based on new scientific evidence which may prove a person is actually innocent of the offense. *Pankau v. State*, 2013 Ark. 162. Under section 16–112– 202(10)(B), there is a rebuttable presumption that a petition filed more than thirty-six

2

months after the entry of judgment is untimely. To rebut this presumption, a petitioner must establish one of the following: (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that there is newly discovered evidence; (3) that the motion is more than an assertion of innocence, and a denial of the motion would cause a manifest injustice; (4) that new technology exists that is substantially more probative than the prior testing; or (5) other good cause.

### III. *Claims for Relief*

Hooper makes three claims for relief. First, he states there is "new evidence" consisting of records describing his previous mental-health issues and diagnoses. Second, Hooper argues for additional and independent DNA testing because he alleges the State failed to present evidence at trial establishing that it had reliably gathered and maintained the DNA swabs taken from the victim. Third, he claims that because the victim could not identify him, his identity was at issue and that his incompetence rebuts the presumption against timeliness. Hooper fails to meet the basic requirements.

Under section 16–112–202, the petition must identify the specific evidence for testing, establish that its chain of custody was maintained, and identify the defense theory on actual innocence that the requested testing would establish. *Rayfield v. State*, 2020 Ark. 40, 592 S.W.3d 237. Hooper does not contend that he was actually innocent and even if he did, we cannot ignore his testimony that he raped the victim. If DNA testing would not show actual innocence, there is no reason to test for it. *Johnson v. State*, 2019 Ark. 391, 591 S.W.3d 265.

Hooper's allegation that he is entitled to a new mental evaluation that considers his mental-health history, also fails. Hooper knew about his mental-health records at the time of trial, and the forensic report attached to Hooper's petition showed that the examiner reviewed Hooper's past records. And this court has already rejected Hooper's claim that he was incompetent to stand trial when it denied a similar claim in his petition for coram nobis relief. *Hooper*, 2014 Ark. 16, at 4.

Hooper's petition and arguments on appeal contain only his own assertion that he was innocent based on incompetence. There is no showing that he was actually innocent, that his identity was at issue at the time of trial, that newly discovered evidence exists, or that manifest injustice or good cause prevented Hooper from petitioning within the thirty-six-month time limitation. Thus, the circuit court did not clearly err when it denied Hooper's petition for his failure to rebut the presumption against timeliness and failure to state a claim for relief under Act 1780. For these reasons, we affirm.

Affirmed.

*Danny Lee Hooper*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.