Cite as 2021 Ark. 118

# SUPREME COURT OF ARKANSAS
No. CV-20-709

| | | |
|---|---|---|
| JOHN PEELER | | Opinion Delivered: May 27, 2021 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE LEE |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 39CV-20-101] |
| STATE OF ARKANSAS | | HONORABLE E. DION WILSON, |
| | | JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

John Peeler alleges he is actually innocent based on insufficient evidence. But like many before, he wrongfully filed his petition as a writ of habeas corpus instead of under Act 1780 as the plain language of our habeas statute requires. We remain committed to the statutory language and our precedent on this issue. We affirm.

A Pulaski County jury convicted John Peeler of capital murder. He was sentenced to life imprisonment without parole for the kidnapping and murder of Chris Cummins. This court affirmed on direct appeal. *Peeler v. State*, 326 Ark. 423, 932 S.W.2d 312 (1996). He now appeals the denial of his pro se petition for writ of habeas corpus under Arkansas Code Annotated section 16-112-101 (Repl. 2016). Peeler contends he is entitled to habeas relief because he is actually innocent, arguing insufficient evidence supported his capital-murder conviction. A writ of habeas corpus cannot issue on this basis.

I. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. The habeas statute prescribes that a petitioner who alleges he is actually innocent shall file for relief and proceed under Act 1780 of 2001[1]. *See* Ark. Code Ann. § 16-112-103(a)(2) (Repl. 2016). Other petitions must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016).

This court will uphold a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that there has been a mistake. *Id.*

II. *Claim for Relief*

Peeler contends he is actually innocent of the capital murder, yet he did not bring his petition under Act 1780. Instead, he argues his claim of actual innocence based on insufficient evidence is cognizable in a habeas petition brought under section 16-112-101. He is wrong. This court has consistently interpreted the habeas statute according to its plain meaning. Arkansas Code Annotated section 16-112-103(a)(2) provides "[t]he procedures for

---

[1]Codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016).

persons who allege actual innocence shall be in accordance with § 16-112-201 et seq. [Act 1780]." And claims of actual innocence are effectively challenges to the sufficiency of the evidence that this court will not hear in a habeas proceeding. *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44; *see also Muldrow v. Kelley*, 2018 Ark. 126, 542 S.W.3d 856. This is settled Arkansas law. *Id.*

Here, Peeler is not challenging the facial validity of his life sentence or the jurisdiction of the Pulaski County Circuit Court to enter the judgment of conviction. A habeas proceeding brought under section 16-112-101 does not allow a prisoner to retry his or her case, and it does not replace a direct appeal or other postconviction relief. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Moreover, this court already settled Peeler's sufficiency argument when we affirmed on that issue in Peeler's direct appeal. *Peeler*, 326 Ark. 423, 932 S.W.2d 312. Habeas is not an avenue through which a petitioner can revisit issues of fact and law that have been settled in the trial court and on direct appeal.

Affirmed.

*John Peeler*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.