Cite as 2021 Ark. 216

# SUPREME COURT OF ARKANSAS
No. CR–20–513

| | |
|---|---|
| DAVID EDWARD MCLAUGHLIN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** November 18, 2021<br><br>PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-11-352]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br><u>AFFIRMED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant David Edward McLaughlin appeals from the Garland County Circuit Court's order denying his pro se habeas petition filed pursuant to Arkansas Code Annotated section 16-112-201 (Repl. 2016). McLaughlin contends that he is actually innocent and that the trial court erred by denying, without a hearing, the petition in which he sought relief because he was not provided a copy of a videotape containing security footage; he was not present during a meeting that included the judge, his trial counsel, the prosecutor, and another person; and the State failed to inform the defense of two witnesses who were to testify at trial. Because a writ of habeas corpus filed pursuant to section 16-112-201 cannot issue on these bases, we affirm the denial of relief.

McLaughlin was convicted of commercial burglary and first-degree criminal mischief after breaking into a Big Lots store and was sentenced to an aggregate term of 720 months' imprisonment. McLaughlin appealed, arguing that the trial court erred by denying his

motion for mistrial following a violation of the court's ruling on a motion in limine. The Arkansas Court of Appeals affirmed. *McLaughlin v. State*, 2013 Ark. App. 26.

McLaughlin subsequently sought postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2012). The trial court denied McLaughlin's claims, all of which involved ineffective assistance of counsel. McLaughlin appealed, and we affirmed the trial court's denial, finding that McLaughlin had failed to overcome the presumption that counsel was effective by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *McLaughlin v. State*, 2015 Ark. 335, 469 S.W.3d 360 (per curiam).

We do not reverse the denial of a petition for writ of habeas corpus filed under Act 1780, codified at Arkansas Code Annotated sections 16-112-201 to -208, unless the trial court's findings are clearly erroneous. *Hooper v. State*, 2021 Ark. 110, 622 S.W.3d 641. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.* Act 1780, as amended by Act 2250, provides that this court can issue a writ of habeas corpus based on new scientific evidence that may prove a person is actually innocent of the offense. *Pankau v. State*, 2013 Ark. 162. Under section 16-112-202(10)(B), there is a rebuttable presumption that a petition filed more than thirty-six months after the entry of judgment is untimely. To rebut this presumption, a petitioner must establish one of the following: (1) that the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) that there is newly discovered

evidence; (3) that the motion is more than an assertion of innocence, and denial of the motion would cause a manifest injustice; (4) that new technology exists that is substantially more probative than the prior testing; or (5) other good cause. *Hooper*, 2021 Ark. 110, 622 S.W.3d 641.

McLaughlin argues on appeal—as he did below—that he is actually innocent in that the State failed to comply with a discovery request by denying him access to a copy of a videotape;[1] his right to confront witnesses was violated because he was not present during a meeting held in the judge's chambers; and he was denied notice of certain witnesses to be called by the State. McLaughlin also claims he was entitled to a hearing regarding the Act 1780 petition. McLaughlin fails to establish that he is entitled to any relief.

Petitions under Act 1780 are limited to those claims related to scientific testing of evidence, and the Act does not provide an opportunity for the petitioner to raise issues outside the purview of the Act or serve as a substitute for the pursuit of other remedies. *McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578. Section 16-112-202 requires that in order to file a motion for testing that may qualify for relief under the Act, a petitioner who requests relief and who seeks scientific testing to provide the basis for that relief must meet

---

[1]McLaughlin states that the videotape was used against him and placed into evidence on March 17, 2011. He makes the distinction that the videotape "was not available[] to the defense at trial." On appeal, McLaughlin cites *Brady v. Maryland*, 373 U.S. 83 (1963), in support of his claim that the videotape was withheld. McLaughlin raises the *Brady* claim for the first time on appeal. Arguments raised for the first time on appeal will not be considered, and even constitutional arguments must be raised in the trial court and ruled upon in order to preserve the issues for appellate review. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. Even if the argument had been preserved and McLaughlin had demonstrated a potential *Brady* violation, McLaughlin did not state a basis upon which relief could be granted under Act 1780. *See infra.*

specific criteria set out in the statute and demonstrate in his or her motion that these predicate requirements have been met. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54.

The first prerequisite for establishing a prima facie claim under Act 1780 is to demonstrate the existence of evidence or scientific methods of testing that were not available at the time of trial or could not have been previously discovered through the exercise of due diligence. Ark. Code Ann. § 16-112-201(a)(1)(2); *McArty*, 2020 Ark. 68, 594 S.W.3d 54. McLaughlin not only failed to file his petition within thirty-six months from the date of his conviction but also failed to make claims regarding either scientific testing or newly discovered evidence that was not available at the time of trial or that could not have been discovered through the exercise of due diligence. The trial court correctly determined that McLaughlin's claims are not cognizable under the Act.[2]

To the extent McLaughlin makes a vague and conclusory claim that he was entitled to a hearing, Act 1780 does not require an evidentiary hearing. The trial court must conduct an evidentiary hearing "[u]nless the petition and the files and records of the proceedings conclusively show that the petitioner is entitled to no relief[.]" Ark. Code Ann. § 16-112-205(a); *see Carter v. State*, 2020 Ark. 219, 600 S.W.3d 612. The trial court determined that McLaughlin's petition was without merit. Accordingly, a hearing was not required.

Affirmed.

---

[2]Notwithstanding the lack of any challenge that his sentence is facially invalid or that the trial court lacked jurisdiction, because McLaughlin claims he is actually innocent pursuant to Arkansas Code Annotated section 16-112-201, and the petition was filed in the county where he was convicted, the petition cannot be treated as a habeas petition under section 16-112-101. *E.g.*, *Peeler v. State*, 2021 Ark. 118 (Petitioner claiming he is actually innocent wrongfully filed his petition as a writ of habeas corpus instead of under Act 1780.).

WOMACK and WEBB, JJ., concur.

**BARBARA W. WEBB, Justice, concurring.** I agree that Mr. McLaughlin is not entitled to habeas relief. However, I write separately because the majority's—and the circuit court's—rationale for the disposition of this case does not reflect the argument that Mr. McLaughlin actually makes.

In his habeas petition, Mr. McLaughlin cites Arkansas Code Annotated section 16-112-201 only one time, in the second numbered paragraph, where he asserts the basis of circuit court jurisdiction. He states: "That petitioner is being held unlawfully and this court has jurisdiction pursuant to the Arkansas Constitution and Arkansas Code Annotated § 16-112-201."

In the remainder of his petition, Mr. McLaughlin asserts that he was incarcerated pursuant to an "invalid conviction" because the State failed to timely turn over a security video that it used at trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); a "meeting" was held on the second day of trial that included the judge, McLaughlin's trial counsel, the prosecutor, and another person; the meeting was held without him being present in violation of his Sixth Amendment right to confront witnesses; and after an in-chambers meeting that included his defense counsel, the State added two witnesses who were not on the witness list that was provided to the defense prior to trial. In none of these grounds asserted by Mr. McLaughlin in his habeas petition does he attempt to apply the facts supporting these grounds to the elements required by section 16-112-201. In short, by the plain wording of his petition, Mr. McLaughlin never attempted to prove his innocence by new scientific testing that was unavailable at the time of trial. His allegations of an "invalid

conviction" rested on alleged violations of his constitutional rights. Nonetheless, the circuit court dismissed the habeas petition without a hearing because it did not conform to the requirements of section 16-112-201 and following.

While averring, incorrectly, that section 16-112-201 was the basis for circuit court jurisdiction—section 16-112-102 is the applicable code section for the facts that he asserts in his petition—the Arkansas Constitution most certainly does establish the circuit court's jurisdiction. Ark. Const. art. 2, § 11; Ark. Const. amend. 80. The bottom line here is that Mr. McLaughlin was undisputedly correct in asserting that the circuit court in the county where he was incarcerated had jurisdiction to hear his habeas petition. Yet the circuit court dismissed Mr. McLaughlin's habeas petition for failure to properly assert entitlement to habeas relief under section 16-112-201.

Section 16-112-202 is very clear with regard to the pleading requirements in section 16-112-201 and following:

> Except when direct appeal is available, a person convicted of a crime may make a motion for the performance of fingerprinting, forensic deoxyribonucleic acid (DNA) testing, or other tests which may become available through advances in technology to demonstrate the person's actual innocence if:
>
> (1) The specific evidence to be tested was secured as a result of the conviction of an offense's being challenged under § 16-112-201;
>
> (2) The specific evidence to be tested was not previously subjected to testing and the person making the motion under this section did not:
>
> (A) Knowingly and voluntarily waive the right to request testing of the evidence in a court proceeding commenced on or after August 12, 2005; or
>
> (B) Knowingly fail to request testing of the evidence in a prior motion for post-conviction testing;

6

(3) The specific evidence was previously subjected to testing and the person making a motion under this section requests testing that uses a new method or technology that is substantially more probative than the prior testing;

(4) The specific evidence to be tested is in the possession of the state and has been subject to a chain of custody and retained under conditions sufficient to ensure that the evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed testing;

(5) The proposed testing is reasonable in scope, utilizes scientifically sound methods, and is consistent with accepted forensic practices;

(6) The person making a motion under this section identifies a theory of defense that:

(A) Is not inconsistent with an affirmative defense presented at the trial of the offense being challenged under § 16-112-201; and

(B) Would establish the actual innocence of the person in relation to the offense being challenged under § 16-112-201;

(7) The identity of the perpetrator was at issue during the investigation or prosecution of the offense being challenged under § 16-112-201;

(8) The proposed testing of the specific evidence may produce new material evidence that would:

(A) Support the theory of defense described in subdivision (6) of this section; and

(B) Raise a reasonable probability that the person making a motion under this section did not commit the offense;

(9) The person making a motion under this section certifies that he or she will provide a deoxyribonucleic acid (DNA) or other sample or a fingerprint for comparison; and

(10) The motion is made in a timely fashion subject to the following conditions:

(A) There shall be a rebuttable presumption of timeliness if the motion is made within thirty-six (36) months of the date of conviction. The presumption may be rebutted upon a showing:

(i) That the motion for a test under this section is based solely upon information used in a previously denied motion; or

7

(ii) Of clear and convincing evidence that the motion filed under this section was filed solely to cause delay or harassment; and

(B) There shall be a rebuttable presumption against timeliness for any motion not made within thirty-six (36) months of the date of conviction. The presumption may be rebutted upon a showing:

(i) That the person making a motion under this section was or is incompetent and the incompetence substantially contributed to the delay in the motion for a test;

(ii) That the evidence to be tested is newly discovered evidence;

(iii) That the motion is not based solely upon the person's own assertion of innocence and a denial of the motion would result in a manifest injustice;

(iv) That a new method of technology that is substantially more probative than prior testing is available; or

(v) Of good cause.

Without belaboring the obvious, it is not possible to confuse Mr. McLaughlin's habeas petition with a motion for scientific testing filed pursuant to section 16-112-201.

Despite the circuit court's obvious error, I would affirm its denial of habeas relief without a hearing. Mr. McLaughlin's second and third points ultimately concern the addition of witnesses to testify at trial who were not on the State's original witness-disclosure list. This issue was subsumed, and already disposed of, by the decision to affirm the denial of Rule 37 relief that was based on Mr. McLaughlin's trial counsel's failure to object. *McLaughlin v. State*, 2015 Ark. 335, 469 S.W.3d 360. The allegations surrounding the video tape are also unavailing because, to seek relief pursuant to a *Brady* violation, the petitioner is obligated to establish how he is prejudiced by the allegedly suppressed evidence. Here, Mr. McLaughlin's argument in his habeas petition is that the untimeliness of the State's disclosure of the tape—it was used at trial—prejudiced him because a more timely release

8

would have allowed the defense to "see if one or both of the suspects had shown their face, had masks, scars, tattoos, hair color or anything identifiable that would show that the defendant was not one of the suspects." Not requesting a continuance to view the video was at worst, trial error. We have repeatedly held that trial error is not a cognizable ground for state habeas relief. *Stephenson v. Kelley*, 2018 Ark. 143, 544 S.W.3d 44.

I respectfully concur.

*David E. McLaughlin*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.