Cite as 2022 Ark. 164

# SUPREME COURT OF ARKANSAS
No. CV-21-610

| | |
|---|---|
| STANLEY NORTON MAHMOUD<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered: September 22, 2022<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-20-834]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Stanley Norton Mahmoud appeals from the trial court's dismissal of his pro se petition for writ of habeas corpus filed pursuant to Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016). In the petition, which was filed in the county where he was convicted, Mahmoud sought scientific testing of evidence from his 1996 criminal case. Because Mahmoud has not rebutted the presumption against timeliness, has not shown that the evidence he claims should be tested is in the possession of the State, or shown that the identity of the perpetrator was at issue, we affirm.

On December 13, 1996, Mahmoud entered a plea of guilty to residential burglary, attempted murder in the first degree, and rape, and an aggregate sentence of 480 months' imprisonment was imposed. In 2003, Mahmoud filed a petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. We affirmed the denial

of the petition because it was untimely. *Norton v. State*, No. CR-03-1200 (Ark. Jan. 29, 2004) (unpublished per curiam). In his brief-in-chief, Mahmoud concedes that he pleaded guilty to the crimes that are the subject of his habeas petition.

We do not reverse the denial of a petition under Act 1780 unless the circuit court's findings are clearly erroneous. *McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.*

Mahmoud filed a habeas petition more than twenty years after he was convicted, contending that he is innocent and asking for fingerprint testing of the gun used in the crime and DNA testing of blood and hair samples recovered from the victim. Act 1780 of 2001, as amended by Act 2250 of 2005, provides that a writ of habeas corpus can issue on the basis of new scientific evidence proving a person actually innocent of the offense for which he was convicted. *Pankau v. State*, 2013 Ark. 162.

A petitioner seeking testing under Act 1780 must present a prima facie case that identity was an issue at trial. Ark. Code Ann. § 16-112-202(7); *Leach v. State*, 2019 Ark. 238, 580 S.W.3d 871. When a defendant enters a plea of guilty, the guilty plea is the trial. *Leach*, 2019 Ark. 238, 580 S.W.3d 871. By entering his plea of guilty, Mahmoud admitted that he committed the offense; therefore, identity was not in question. *Id.* Furthermore, Mahmoud must demonstrate that the evidence to be tested is in possession of the State and has been subject to a chain of custody and retained in a manner sufficient to ensure that the evidence

was not contaminated or altered.  Ark. Code Ann. § 16-112-202(4).  Mahmoud has not demonstrated that the items he asks to be tested have remained in the possession of the State and are capable of being tested.  In sum, Mahmoud fails to make a prima facie showing that he is entitled to new scientific testing because he has not demonstrated that identity was at issue or that there is any evidence in the State's possession capable of being tested.  Ark. Code Ann. §§ 16-112-202(4) & 16-112-202(7).

Furthermore, under section 16-112-202(10)(B), there is a rebuttable presumption that a petition filed more than 36 months after the entry of judgment is untimely.  To rebut this presumption, a petitioner must establish one of the following: (1) the petitioner was or is incompetent, and the incompetence substantially contributed to the delay; (2) there is newly discovered evidence; (3) the motion is more than an assertion of innocence, and a denial of the motion would cause a manifest injustice; (4) new technology exists that is substantially more probative than the prior testing; or (5) other good cause.  *Hooper v. State*, 2021 Ark. 110, 622 S.W.3d 641.  Mahmoud's petition and arguments on appeal contain nothing more than his own assertion of innocence, and there was no showing that newly discovered evidence, manifest injustice, or good cause prevented Mahmoud from filing his petition within the 36-month time limitation.

Affirmed.

*Stanley Norton-Mahmoud*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.